696 A.2d 44

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT, v. ANTOINNE FUQUA, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted May 13, 1997—Decided July 3, 1997.

Before Judges DREIER, NEWMAN and VILLANUEVA.

*Susan L. Reisner*, Public Defender, attorney for appellant (*Cecelia Urban*, Assistant Deputy Public Defender, of counsel and on the brief).

*Peter Verniero*, Attorney General, attorney for respondent (*Janet Flanagan*, Deputy Attorney General, of counsel and on the brief).

The opinion of the court was delivered by

DREIER, P.J.A.D.

Defendant appeals from convictions of second- and third-degree eluding, *N.J.S.A.* 2C:29–2b; third-degree possession of a controlled dangerous substance, *N.J.S.A.* 2C:35–10a(1); and fourth-degree hindering apprehension, *N.J.S.A.* 2C:29–3b(1). Defendant was acquitted of possession of a prohibited weapon, *N.J.S.A.* 2C:38–3, and an additional count of fourth-degree unlawful possession of a weapon was severed and then dismissed. After merging the third-degree into the second-degree eluding conviction, the court sentenced defendant to a ten-year term with a three and one-half year parole disqualifier. Defendant also received a concurrent five-year term for the possession of CDS and a concurrent term of eighteen months for hindering apprehension.

Defendant and a woman were legally parked in a parking lot in the Cedar Street Park in Keyport over an hour before the park was scheduled to be closed. The suspicions of two policemen in an unmarked car were aroused because they saw a car parked in the lot at nearly 9:00 p.m. at the end of December. They therefore turned off the lights of their car and drove toward the parked car. The officers then got out of their car and walked up to defendant's car, suddenly shining their flashlight on defendant's and his companion's faces (and presumably into their eyes). Defendant testified that all he could tell at that point was that a brown car that he did not think was a police car had pulled up next to him and at least one person with a flashlight was exiting the vehicle.

Defendant, fearing a robbery because he had money and other belongings with him that he had just picked up from his deceased mother's house, rapidly fled from the lot. (Defendant testified that he drove forward; one of the officers said he was in reverse.) The officers got back in their car and gave chase. While being chased for between one and one-half to two miles, defendant passed at least three cars by going into the path of oncoming traffic. At one point, defendant slowed the car enough, or stopped, to let his companion exit. The police contended that at the beginning of the chase, they had immediately activated their grill lights and the rotating red light on their dashboard, and later their siren. Defendant asserted that he did not hear the siren or see the light while driving. He said that he did not hear the siren until after he eventually parked his car, as he left the scene.

The police searched the abandoned vehicle and discovered a small amount of marijuana on the front floor and a blackjack in the door panel of the passenger side of the vehicle.

Defendant's companion was arrested. Later that day, defendant called her and allegedly then first determined that they had been chased by the police. Defendant then called the police to inquire whether there was a warrant for his arrest. The police traced the call and arrested him. At headquarters, defendant was searched and a package of cocaine was discovered in his socks.

Defendant raises four points on this appeal, with some sub-points.

POINT I

THE TRIAL COURT'S FAILURE TO INSTRUCT THE JURY ON TWO ELEMENTS OF THIRD AND SECOND DEGREE ELUDING DENIED DEFENDANT A FAIR TRIAL. (Partially Raised Below).

POINT II

THE JURY CHARGE, WHICH IMPROPERLY DEFINED REASONABLE DOUBT, DENIED HIM DUE PROCESS OF LAW. (*U.S. Const.* Amend XIV; *N.J. Const.* (1947), Art. I, ¶ 1). (Partially Raised Below).

A. THE JURY CHARGE, WHICH IMPLICITLY TOLD THE JURORS THAT THEY NEEDED AN ARTICULABLE REASON TO ACQUIT DEFENDANT, DEPRIVED HIM OF THE FULL BENEFIT OF THE STATE'S OBLIGATION TO PROVE HIM GUILTY BEYOND A REASONABLE DOUBT.

B. BY MISCHARACTERIZING THE JURY'S TASK AS THAT OF FINDING THE TRUTH BY SCRUTINIZING THE COMPETING TESTIMONY, THE TRIAL COURT IMPROPERLY DILUTED THE STATE'S BURDEN OF PROOF. (Not Raised Below).

*POINT III*

AS APPLIED IN THIS CASE, *N.J.S.A.* 2C:3b(1) VIOLATED DEFENDANT'S FEDERAL AND STATE PRIVILEGE AGAINST SELF–INCRIMINATION. (Not Raised Below).

*POINT IV*

IN IMPOSING THE 10–YEAR MAXIMUM BASE TERM FOR ELUDING AN OFFICER, THE TRIAL COURT FAILED TO IDENTIFY AND FAIRLY WEIGH THE APPLICABLE AGGRAVATING AND MITIGATING FACTORS.

 Defendant first contends that the court failed to charge the jury that an element of the offense of eluding is that defendant knew he was being chased by the police and knew he was told to stop. Defendant objected to the charge as given, and the court stated that the jury had been so charged. It had not. The State asserts that because the issue was discussed in both the State's and defendant's summations, the jury must have known that scienter was an element of the offense. The jury might have thought such knowledge should have been an element, but was told by the court to follow the court's charge concerning the law. The statute clearly states that the perpetrator must be one who "*knowingly flees* or attempts to elude any police or law enforcement officer after having received any signal from such officer to bring the vehicle ... to a full stop...." *N.J.S.A.* 2C:29–2b (emphasis added). Since the court did not charge scienter as an element of the offense, the conviction cannot stand, especially since this was the chief point of defendant's factual defense and a specific objection was made at the time of the charge. The court may not fail to charge the jury with an element of an offense. We therefore must reverse the eluding convictions and remand the matter for a new trial.

 Defendant's second point involves the judge's charge concerning reasonable doubt. The judge instructed:

A reasonable doubt is a doubt based on reason. It is a doubt for which one can state a reason. It is not the doubt based on guesswork or speculation. It is not a mere possible or imaginary doubt. Because, as you may well know, everything

relating to human affairs or depending upon oral evidence is open to some possible or imaginary doubt.

Insofar as proof of guilt in a criminal case is concerned, the law does not require absolute certainty. The law requires proof beyond a reasonable doubt.

A reasonable doubt is an honest and reasonable uncertainty as to the guilt of the defendant existing in your minds after you have given full and impartial consideration to all of the evidence. It may arise from something contained in the evidence or it may arise from a lack of evidence. But it may not arise solely from sympathy or speculation. It is a doubt which a reasonable person has after carefully weighing all of the evidence in the case.

Again, the law does not require absolute certainty.

The State has the burden of proving the defendant's guilt of the crimes charged and each of its elements to your satisfaction beyond a reasonable doubt.

The Supreme Court and this court have repeatedly stated that reasonable doubt does not mean doubt for which a reason can be given. *See e.g. State v. Medina,* 147 *N.J.* 43, 52–53, 685 *A.*2d 1242 (1996), *cert. denied,* —— *U.S.* ——, 117 *S.Ct.* 1476, 137 *L.Ed.*2d 688 (1997); *State v. Farmer,* 147 *N.J.* 43, 58–59, 685 *A.*2d 1242 (1996), *cert. denied,* —— *U.S.* ——, 117 *S.Ct.* 1476, 137 *L.Ed.*2d 688 (1997); *State v. Vaszorich,* 13 *N.J.* 99, 115, 98 *A.*2d 299 (1953); *State v. Hudson,* 286 *N.J.Super.* 149, 152–53, 668 *A.*2d 457 (App.Div.1995). The Supreme Court in *Medina* strongly states that this language and similar deviation from the standard "reasonable doubt" charge should not be used. 147 *N.J.* at 52, 685 *A.*2d 1242. Yet the use of such a charge is not necessarily reversible error. In *Medina,* the charge as a whole conveyed the proper burden placed on the State. 147 *N.J.* at 53, 685 *A.*2d 1242. Here also, on the possession of CDS count, this charge is the only error, and the totality of the charge correctly expressed the reasonable doubt burden. Thus, we do not find it reversible. *R.* 2:10–2. On the balance of the counts, the convictions are otherwise reversible.

█ In defendant's third point, he objects that the conviction for hindering his own apprehension was based upon the fact that the cocaine was found on his person, concealed in his socks, when he was later arrested. Defendant has framed this issue as a constitutional objection, alleging a violation of his privilege against self-incrimination. While we can appreciate that this would be one way to state the objection, we choose to approach the issue from

its non-constitutional aspect, and treat the issue as one of statutory construction.

*N.J.S.A.* 2C:29–3, hindering apprehension or prosecution, is divided into two parts. We have examined the meager legislative history of this statute, including the Senate Committee Statement accompanying the bill and the Governor's press release. It was not helpful. Subsection a of the statute relates to hindering the apprehension, prosecution, conviction or punishment of another. Subsection b parallels subsection a and in relevant part reads:

> b. A person commits an offense if, with purpose to hinder his own apprehension, prosecution, conviction or punishment, he:
>
> (1) Suppresses, by way of concealment ..., any evidence of the crime ..., regardless of its admissibility in evidence, which may aid in his discovery or apprehension or in the lodging of a charge against him;....
>
> [*N.J.S.A.* 2C:29–3b(1).]

Insofar as this subsection relates to the concealment or destruction of evidence of a person's completed crime, such as tampering with a crime scene, disposing of a murder weapon or the like, the statute would have applicability. Where, however, the crime is an ongoing possessory offense, such as defendant's possession of the cocaine in this case, we question the application of this statute.

Under what appears to be the State's theory, defendant would have been required to have the cocaine in plain view in order to avoid committing this crime because, by placing the cocaine in his socks, defendant allegedly committed a separate indictable offense. This is difficult to fathom. We assume that under the State's theory, the same conviction would be proper if the cocaine had been in defendant's pocket, or even in his briefcase. If the State is correct, all illegal substances, weapons, and even illicit reading material, would be required to be carried in plain view or else the possessor could be convicted of a third- or fourth-degree crime or of a disorderly persons offense, in addition to any other substantive offense. *See N.J.S.A.* 29:39–3.

We therefore construe the language of this subsection to apply to evidence of crimes other than ongoing possessory crimes where the possession of the items or substance at that time is chargeable

as a separate offense. The statute, where it speaks of concealment of "evidence of the crime" with the purpose of hindering the actor's apprehension, *N.J.S.A.* 2C:29–3b(1), is sensibly construed to refer to evidence of a completed criminal act, not a current possessory crime. Any other construction would implicate the constitutional prohibition against self-incrimination. We therefore reverse this conviction and direct a judgment of acquittal for it.

■ With regard to defendant's attack on the sentence, except for that for possession of CDS, the issue is moot. The term imposed for possession of CDS is not unreasonable, but may be reconsidered as it is no longer a part of a total sentence imposed by the court for the three original crimes for which the court sentenced defendant. If this is to be the only sentence, the judge may wish to reconsider its terms.

We reverse defendant's convictions of eluding and hindering his apprehension, but we affirm the conviction for possession of CDS. We remand the matter for the entry of a judgment of acquittal on the hindering charge, for possible resentencing on the CDS conviction, and for a retrial on the charges of eluding.