*In re* M.F., a Minor (The People of the State of Illinois, Petitioner-Appellee, v. M.F., Respondent-Appellant).

Second District   No. 2—99—0486

Opinion filed August 2, 2000.

642

G. Joseph Weller and Paul J. Glaser, both of State Appellate Defender's Office, of Elgin, for appellant.

David R. Akemann, State's Attorney, of St. Charles (Martin P. Moltz and Joan M. Kripke, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HUTCHINSON delivered the opinion of the court:

In March 1998, the State filed a petition to adjudicate the respondent, M.F., a delinquent minor. The petition alleged that, on March 17, 1998, respondent was under 17 years of age and committed the offense of obstructing justice, a Class 4 felony (720 ILCS 5/31—4(a), (d)(1) (West 1998)). The petition further alleged that, with the intent to obstruct his own prosecution, "he knowingly concealed physical evidence from Phillip Brown, a police officer, in that he threw baggies containing cocaine, a controlled substance, off of a rooftop located at 253 Villa Street, Elgin." The petition also alleged that respondent committed the offense of unlawful possession of a controlled substance (unlawful possession), a Class 4 felony, in that he "knowingly had in his possession not more than 15 grams of a substance containing cocaine." 720 ILCS 570/402(c) (West 1998). The trial court found that

the respondent committed both offenses beyond a reasonable doubt, adjudicated him a juvenile delinquent, imposed a 24-month term of probation, and ordered that he be placed in the local "Challenge Program" and undergo counseling.

Respondent timely appealed, and the office of the State Appellate Defender was appointed to represent him during this appeal. Appellate counsel filed an *Anders* motion seeking leave to withdraw as counsel on appeal. See *Anders v. California*, 386 U.S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 1396 (1967). In his motion, appellate counsel concluded that there were no issues of merit that warranted relief in this court. Appellate counsel suggested two possible justiciable issues: whether the charges were proved beyond a reasonable doubt and whether the disposition was appropriate. This court denied the motion and ordered the parties to brief the issue of "obstructing justice." The sole question now before this court is whether the respondent was proved guilty beyond a reasonable doubt of the offense of obstructing justice based on his alleged concealment of the cocaine baggies. We reverse the finding and order of the trial court with respect to the charge of obstructing justice, and we remand the cause for the modification of the record and relevant orders to show that respondent was only found guilty of the unlawful possession offense. See *In re W.C.*, 167 Ill. 2d 307, 341-43 (1995) (order modified to avoid future prejudice to minor).

At the adjudicatory hearing, Officer Phillip Brown of the Elgin police department testified that, on the date in question, he went to an apartment at 253 Villa Street in Elgin, Illinois, at about 7:30 p.m. to assist the narcotics unit with a search warrant. He was to secure the front of the residence as the other officers went upstairs to execute the warrant. After hearing the police knock at the door and announce their presence, Brown saw respondent come out of the window onto the front "landing" or roof over the entrance to the building. Brown told him to stay there and not move because the police were there with a search warrant. Respondent twice reached into his pocket and each time made a throwing motion toward the street behind Brown, who was standing on the sidewalk about 30 feet from respondent. Brown did not see what the respondent had in his hands. Brown's flashlight was shining onto respondent's face and person, and Brown got a good look at him.

Brown testified that, after making the throwing motions, respondent lay down on the landing and then tried to jump onto a tree near the landing. At that point, Officer Adam came out the window, and respondent was taken from the landing and placed into custody. Brown then looked in the direction respondent had thrown the objects, approximately 10 feet from him. He located three bags containing a

rock-like substance, which were turned over to the evidence techni-
cian. The ground was wet as it was misting that night, but the objects
were "relatively" dry.

On cross-examination, Brown testified that it was pretty dark out
and he did not see anyone else on the landing. Once inside the apart-
ment, Brown identified respondent by his clothing. On redirect exami-
nation, Brown stated that 15 seconds elapsed between his first observa-
tion of respondent being taken into custody and his later identification
of him inside the residence. Brown went inside after picking up the
evidence he had located.

Officer Jeffrey Patrick Adam testified that he went to the apart-
ment to execute a search warrant for narcotics. Detective Rouse
knocked and announced their office and their intentions. After a few
seconds, Sergeant Barnes made a forced entry into the residence with
a battering ram. This took 5 to 10 seconds. Adam and Officer
Theriault went to the kitchen area and located Laveda J. and had her
lay down. Adam observed that the kitchen window that opened onto
the landing was forced out. As he went to the window, Anthony C.
began to crawl in through the window. Adam pulled him through the
window and handed him over to Theriault. Respondent was crouched
on the landing just outside the window. Adam leaned against the wall,
grabbed him, and pulled him through the window. Adam found
suspected rock cocaine on the landing where respondent was crouched,
and he turned the evidence over to Detective Elias.

There was a recess in the proceedings. At the direction of the trial
court, the prosecution presented argument on the law regarding the
offense of obstructing justice and whether the act of throwing the bag-
gies off the roof or landing would support the offense. Apparently, no
case law directly on point was found. After hearing arguments about
other cases generally, the court denied respondent's motion for a
directed finding. The court concluded that, "technically, there is
obstructing justice, and especially in Juvenile Court, it does not make
any difference what the offense is and the punishment only runs up to
the 21st birthday or whatever the punishment is."

The State also presented the testimony of Barbara Schuman, a fo-
rensic scientist. She testified that she tested two samples of the evi-
dence recovered from the scene and found that the substances tested
positive for cocaine. One exhibit weighed 4.33 grams and the other
weighed 1.6 grams.

The defense called Officer Adam, who testified that the light was
on in the kitchen. There was light shining up from at least two offi-
cers' handheld flashlights. He did not believe there was any light on
Anthony. He only saw parts of Anthony. From the window, Adam later

saw respondent crouched on the landing or overhang. Although it was dark outside, there was enough background lighting to keep the area "moderately lit."

Officer Brown further testified that he found the three separate baggies containing a rock-like substance while Adam was placing respondent into custody.

Respondent testified that he was at Laveda J.'s house to meet a friend. Someone knocked at the door. Then respondent heard someone kicking the door. He saw Anthony go outside the window. Respondent followed behind him and went out onto the roof. He did not know who was hitting the door, and he was scared. He then saw Adam bring Anthony in through the window. Adam also brought respondent in and placed him in handcuffs. Respondent did not see any officers below until he saw the flashlight. He did not know they were police officers until he saw Anthony being pulled in through the window. Respondent denied throwing anything off the roof and denied hearing the officer tell him not to move. He admitted crouching down on the roof to see who was down below; it was dark out.

The trial court found respondent guilty beyond a reasonable doubt of the unlawful possession of cocaine, having determined that the cocaine came from respondent. The court also found him guilty of obstructing justice, adding, "which is also a Class 4 felony, which is overkill, but I'll find him guilty of that."

■ In a juvenile delinquency proceeding, the State must prove beyond a reasonable doubt that the respondent committed the charged offense. *In re W.C.*, 167 Ill. 2d 307, 336 (1995). As in criminal cases, the standard of review in determining the sufficiency of the evidence is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *W.C.*, 167 Ill. 2d at 336. We will not reverse a criminal conviction unless the evidence is so unsatisfactory or improbable that it raises a reasonable doubt of the defendant's guilt. *People v. Frieberg*, 147 Ill. 2d 326, 359 (1992).

■ On appeal, respondent argues that, even accepting Brown's testimony as true, respondent's conduct in throwing the baggies from the rooftop did not constitute obstructing justice. In examining all of the evidence in the light most favorable to the State, we cannot say that the elements of the offense of obstructing justice were proved beyond a reasonable doubt in this particular case. A charge of obstructing justice must be pleaded with particularity (see *People v. Lyda*, 27 Ill. App. 3d 906, 912 (1975)), and the elements of the charging instrument must be proved as alleged and without variance (*People v. Miller*,

253 Ill. App. 3d 1032, 1036 (1993)). Section 31—4(a) of the Criminal Code of 1961 (Code) provides in pertinent part:

> "A person obstructs justice when, with intent to prevent the apprehension or obstruct the prosecution or defense of any person, he knowingly commits any of the following acts:
>
> (a) Destroys, alters, conceals or disguises physical evidence ***."

720 ILCS 5/31—4(a) (West 1998).

In this case, the State's petition charged that, with the intent to obstruct his own prosecution, respondent knowingly *concealed* physical evidence by throwing baggies containing cocaine off of the rooftop at 253 Villa Street, Elgin. The question here is whether the element of concealment was proved beyond a reasonable doubt where the accused threw down the drugs from a rooftop or landing onto the ground in the vicinity of a police officer, who saw the act and who was shining a flashlight on the accused as he was about to be placed into custody for a drug offense, and the drugs were recovered by the police from that area within seconds of the accused's apprehension. We believe that the conduct in this case does not constitute obstructing justice premised on the concealment of evidence.

Respondent argues that, rather than serving as an act of obstruction, throwing down the drugs actually demonstrated possession, an element of the unlawful possession charge. Respondent distinguishes *People v. Morgan*, 169 Ill. App. 3d 368 (1988), the principal case upon which the State relies. In *Morgan*, the records of an adult bookstore were subpoenaed in connection with a grand jury investigation of obscenity. The manager of the bookstore testified that she informed the defendant of the subpoena and that the defendant, who was her supervisor, took four boxes of documents from the bookstore, including bookkeeping and deposit slips. He told her that he had distributed them at various rest areas around central Illinois. She testified that he had never taken documents in this manner before and she never again saw the documents that were removed from the store. The defendant was found guilty of obstructing justice. The reviewing court concluded that the element of intent could be inferred from the circumstances. The jury could reasonably have inferred that the defendant took the records and concealed them with the intent to prevent the prosecution of himself or others and that they would likely have been used to support the State's case in the underlying obscenity investigation.

Defendant argues that, unlike the defendant in *Morgan*, he did not conceal the baggies merely by throwing them away from his person, and they were retrieved by the officer within seconds so that his prosecution was not obstructed. Since the term "conceal" is not defined by the statute and there is no case on point in Illinois address-

ing the issue of concealment based on this set of facts, we have examined cases from other jurisdictions that have applied this term to similar facts. Other states have similar obstruction or evidence-tampering statutes making it a crime to alter, destroy, mutilate, suppress, *conceal*, or remove physical evidence with the intent to impair its verity or availability in an official legal proceeding or a criminal investigation. See, *e.g., Vigue v. State*, 987 P.2d 204, 206 (Alaska App. 1999).

The case of *Vigue* is especially instructive. In *Vigue*, a police officer approached the defendant, Vigue, based on probable cause that Vigue was violating a municipal ordinance by urinating in public. When Vigue began to walk away, the officer directed him to turn so that the officer could see Vigue's hands. Vigue kept his hands behind his back. As the officer approached, he saw Vigue make a shaking motion as though Vigue had just dropped or attempted to drop something from his hands. The officer could not at first see what, if anything, had fallen to the ground. After detaining Vigue, the officer walked over to the area where Vigue had been standing and found on the ground five little white rocks that appeared to be crack cocaine. Vigue was placed under arrest for the unlawful possession of cocaine. He was later convicted of both the unlawful possession offense and tampering with the evidence.

On appeal, Vigue argued that the act of tossing or dropping the cocaine to the ground did not constitute the suppression, concealment, or removal of the evidence. The *Vigue* court examined the decisions of several states that had ruled on the issue and had evidence-tampering statutes similar to Alaska's. Although the several courts relied on different rationales for their decisions, the *Vigue* court concluded that those courts "unanimously agree that a defendant's act of dropping or tossing away evidence in the sight of the police does not constitute the *actus reus* of tampering with physical evidence." *Vigue*, 987 P.2d at 206. There, as here, the term "conceal" was not defined by the statute.

The *Vigue* court reversed the defendant's conviction, concluding that he did not suppress, conceal, or remove the cocaine when he dropped it or tossed it to the ground so that it would be less likely to come to the officer's attention. The court clearly distinguished between the necessary intent or culpable mental state—the intent to impair the availability of the evidence—and the *actus reus* or physical act of the crime. The court found that, although Vigue intended to make it harder to detect the cocaine, no act of concealment occurred because the officer observed the defendant's action and was alerted to the possibility that evidence might be on the ground. *Vigue*, 989 P.2d

at 210. The Alaska court determined that the conduct amounted only to abandonment, not concealment, of the evidence. *Vigue*, 987 P.2d at 210.

The *Vigue* court did not view the defendant's conduct as an attempted offense. The *Vigue* court adopted a narrow interpretation of the terms "suppress" or "conceal," holding that a broad reading of these terms "would lead to results that are inexplicably harsh and probably not within the legislature's intent." *Vigue*, 987 P.2d at 211. The court observed that, unless the statute was interpreted narrowly, even misdemeanor possessory offenses would often be converted into felonies. The court specially noted the New Jersey approach, where the evidence-tampering statutes would not be applied to attempts to hide or toss evidence of an ongoing possessory offense. *Vigue*, 987 P.2d at 211, citing *State v. Sharpless*, 314 N.J. Super. 440, 715 A.2d 333 (1998), and *State v. Fuqua*, 303 N.J. Super. 40, 696 A.2d 44 (1997).

We also find instructive *Commonwealth v. Delgado*, 544 Pa. 591, 679 A.2d 223 (1996), a case relied upon by the *Vigue* court. In that case, the defendant, Delgado, was convicted of unlawful possession of cocaine, unlawful possession of cocaine with intent to deliver, and tampering with physical evidence. Following a controlled purchase of drugs, two state narcotics agents approached Delgado, and he attempted to flee the scene. As Delgado ran down an alley, one of the agents observed him throw an object on top of a small outbuilding or garage. The object was retrieved and subsequently determined to be a plastic bag containing cocaine.

The evidence-tampering statute under which Delgado was convicted provided that a person commits an offense if she or he alters, destroys, conceals, or removes any record, document, or thing with intent to impair its verity or availability in an official proceeding or investigation. *Delgado*, 544 Pa. at 592, 679 A.2d at 224. The court held that discarding contraband in plain view of a pursuing police officer failed to demonstrate the intent necessary to maintain a conviction and did not constitute the destruction or *concealment* of evidence as contemplated by the statute. *Delgado*, 544 Pa. at 594, 679 A.2d at 225. The court concluded that this act "was nothing more than the abandonment of the evidence." *Delgado*, 544 Pa. at 594, 679 A.2d at 225.

The *Delgado* court further noted that the evidence-tampering offense was punishable by up to two years' imprisonment, while simple cocaine possession was punishable by a maximum of one year's imprisonment. The court determined that the legislature did not intend that the simple act of abandonment would constitute the commission of an additional crime of a greater degree and reversed Delgado's conviction. *Delgado*, 544 Pa. at 594, 679 A.2d at 225.

*Fuqua* and *Sharpless*, the two New Jersey cases cited in *Vigue*, reached similar conclusions. In *Fuqua*, the defendant was convicted of possession of a controlled dangerous substance and hindering apprehension after the police searched him and discovered cocaine in his socks. The reviewing court considered the hindering statute, which prohibited suppressing by way of concealment any evidence of a crime with the purpose of hindering one's own apprehension, prosecution, conviction, or punishment. *Fuqua*, 303 N.J. Super. at 46, 696 A.2d at 47. The court concluded that in order to avoid implicating the fifth amendment prohibition against self-incrimination the statute was "sensibly construed to refer to evidence of a completed criminal act, not a current possessory crime," and reversed the defendant's hindering conviction. *Fuqua*, 303 N.J. Super. at 47, 696 A.2d at 48.

In *Sharpless*, the defendant was convicted of evidence tampering under a statute that prohibited altering, destroying, concealing or removing any article or object with the purpose of impairing its verity or availability in an official proceeding or investigation. *Sharpless*, 314 N.J. Super. at 457, 715 A.2d at 342. After examining decisions in other jurisdictions, including *Delgado*, the *Sharpless* court concluded that a person who possesses drugs may not be found guilty of tampering with evidence simply because he discards or hides the drugs upon the approach of a police officer. *Sharpless*, 314 N.J. Super. at 459, 715 A.2d at 343. Relying on *Fuqua*, the court held that the legislature intended the tampering statute to apply only to completed criminal acts and not a current possessory offense. *Sharpless*, 314 N.J. Super. at 459, 715 A.2d at 343, citing *Fuqua*, 303 N.J. Super. at 47, 696 A.2d at 47.

Several other cases have reached the same result in construing similar statutes. In *State v. Patton*, 898 S.W.2d 732 (Tenn. Crim. App. 1994), the reviewing court affirmed the dismissal of an indictment charging the defendant with evidence tampering that alleged the defendant tossed aside a bag of marijuana while being pursued by police officers. In *Hollingsworth v. State*, 15 S.W.3d 586 (Tex. Ct. App. 2000), the reviewing court reversed the defendant's conviction of evidence tampering when the defendant, who was carrying cocaine in his mouth and spit it out, exposed it to the view of the police. In *Boice v. State*, 560 So. 2d 1383 (Fla. App. 1990), the reviewing court concluded that the defendant's act of tossing a small bag of crack cocaine away from his person while in the presence of arresting officers amounted merely to abandoning the evidence and was not concealment sufficient to support a conviction for evidence tampering.

However, when a defendant disposes of contraband in a manner intended to destroy the evidence or make recovery impossible, such conduct may constitute evidence tampering. See *State v. Jennings*, 666

So. 2d 131 (Fla. 1995) (limiting *Boice* and other cases and concluding that a defendant's swallowing of suspected cocaine rocks in response to an officer's shouting "police" *could* amount to concealment of evidence impairing its availability for trial under Florida's tampering statute; dismissal quashed and cause remanded for trial); *Hayes v. State*, 634 So. 2d 1153 (Fla. App. 1994) (defendant threw crack cocaine into drainage outlet; cocaine was later retrieved); *McKenzie v. State*, 632 So. 2d 276 (Fla. App. 1994) (swallowing cocaine violated statute).

It appears that, under the scenarios presented, the clear weight of authority from other states concludes that where a defendant merely drops, throws down, or abandons drugs in the vicinity of the defendant and in the presence and view of the police, this conduct does not constitute concealment that will support an evidence-tampering or obstruction charge, or a conviction that is additional to and separate from the ongoing possessory offense.

■ Like other jurisdictions, this court construes criminal statutes strictly, rather than expansively. The language used by the legislature is the best indication of legislative intent. *People v. Lavallier*, 187 Ill. 2d 464, 468 (1999). Where the language is plain and unambiguous, courts will not read in exceptions, limitations, or conditions that the legislature did not express, nor should a court search for any subtle or not readily apparent intention of the legislature. *People v. Laubscher*, 183 Ill. 2d 330, 337 (1998). Criminal or penal statutes are to be strictly construed in favor of an accused, and nothing should be taken by intendment or implication beyond the obvious or literal meaning of the statute. *Laubscher*, 183 Ill. 2d at 337. Absent a clearer legislative intent, we conclude that when an individual who is suspected of committing a possessory offense abandons evidence by dropping or throwing it to the ground in the presence of a police officer, such conduct does not constitute an act of concealment within the meaning of the statute that would sustain a conviction for the additional felony offense of obstructing justice.

■ In the present case, we hold that the evidence of concealment was insufficient to sustain the conviction of obstructing justice. Respondent threw bags of drugs down from the landing and onto the ground in the vicinity of and in view of the police officer who was shining a flashlight on respondent, saw his conduct, and recovered the drugs within seconds of the act. Under the circumstances, it does not appear that this act was likely to either destroy the evidence or make recovery less likely. Therefore, even though respondent may have intended to prevent the apprehension or obstruct the prosecution of himself for the possession charge, throwing the drugs to the ground was not an act of concealment that will sustain the additional obstructing justice offense.

Accordingly, the circuit court's finding and order with respect to obstructing justice are reversed, and the cause is remanded for the modification of the record and any relevant orders to show that respondent was only found guilty of the unlawful possession offense. No other issues of merit having been argued, the judgment of the circuit court of Kane County is affirmed in all other respects.

Affirmed in part and reversed in part; cause remanded with directions.

McLAREN and GEIGER, JJ., concur.