00-1406.so

No. 2--01--1231

_________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_________________________________________________________________

THE PEOPLE OF THE STATE ) Appeal from the Circuit Court

OF ILLINOIS,   ) of Du Page County.

)

Plaintiff-Appellee, ) 

)

v. ) No. 00--CF--2302

)

JASON T. BRAKE, ) Honorable

) Mark W. Dwyer,

Defendant-Appellant. ) Judge, Presiding.

_________________________________________________________________

JUSTICE O'MALLEY delivered the opinion of the court:

Defendant, Jason T. Brake, appeals his conviction for obstructing justice (720 ILCS 5/31--4(a) (West 2000)), contending that the State failed to prove him guilty of that offense beyond a reasonable doubt.  We affirm.

On September 6, 2000, defendant was driving his father’s car  when he was stopped for driving a car with only one working headlight and having a cracked windshield.  Upon approaching defendant, the officer noticed a protrusion in defendant’s cheek, as if there were something in defendant’s mouth.  The officer eventually learned that defendant’s license was suspended and placed defendant under arrest for driving while his license was suspended.  Upon arresting defendant, the officer placed defendant in handcuffs.  The officer asked defendant to open his mouth, and defendant complied.  The officer observed a tan bag in defendant’s mouth.  Defendant swallowed the bag despite the officer’s attempt to prevent him from doing so.  The officer summoned an ambulance and again looked in defendant’s mouth, observing a white chunky substance.  Defendant was placed in the ambulance and transported to the hospital.  There, the hospital staff introduced charcoal to prevent whatever defendant had swallowed from being absorbed into his system, and defendant vomited.  The tan bag defendant had swallowed was thereupon recovered by the officer.

Analysis of the contents of the tan bag revealed the presence of heroin metabolites, morphine, and other controlled substances.  Defendant was charged with, among other things, possession of a controlled substance (720 ILCS 570/402(c) (West 2000)) and obstruction of justice based on concealing evidence.  

On December 6, 2000, the trial court heard and denied defendant’s motion to suppress physical evidence and statements; the court determined that no probable cause existed to arrest defendant for driving under the influence, and it dismissed that charge.  

On July 20, 2001, the cause proceeded to a jury trial and defendant entered a plea of guilty to driving with a suspended license, at which time the other minor traffic offenses were dismissed.  Prior to trial, defendant moved to dismiss the charge of obstructing justice.  The court denied the motion, finding there to be a question of fact for the jury.  Defendant also asserted the defense of outrageous conduct by the State in the administration of the charcoal substance.  The court found that this was a question of law and found that the use of the charcoal substance was a medical necessity.  The trial court granted the State’s motion 
in
 
limine
 requesting that defendant be precluded from arguing that the State had engaged in outrageous conduct.  Following the presentation of evidence, the jury found defendant guilty of both possession of a controlled substance and obstructing justice.

Defendant filed a motion for a new trial.  On October 24, 2001, the trial court denied defendant’s motion and sentenced defendant to probation for a term of 24 months and to periodic imprisonment in the Du Page County jail for a period of 160 days.  As part of defendant’s sentence, he was to be placed into a drug treatment program, if eligible.  Defendant timely appeals.

On appeal, the sole issue is whether defendant was proved guilty beyond a reasonable doubt of the offense of obstructing justice based on his concealment of the tan bag containing a controlled substance.  When reviewing a challenge to the sufficiency of the evidence, the question we must answer is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
People v. Collins
, 106 Ill. 2d 237, 261 (1985).  We will not reverse a criminal conviction unless the evidence is so unsatisfactory or improbable that it raises a reasonable doubt of the defendant’s guilt.  
People v. Frieberg
, 147 Ill. 2d 326, 359 (1992).  

Defendant argues that the act of swallowing the tan bag while the officer was aware of both the presence of the evidence and the fact that defendant had swallowed it was not an act of concealment.  Because defendant was charged with concealing evidence and because defendant’s actions did not actually conceal evidence, defendant argues that the State cannot prove that he obstructed justice by concealing evidence as charged in the indictment.

Defendant analogizes this case to 
In re M.F.
, 315 Ill. App. 3d 641 (2000).  There, we held that the act of throwing away a Baggie containing a controlled substance did not qualify as "concealment" under the obstruction of justice statute.  
M.F.
, 315 Ill. App. 3d at 650.  We reasoned that throwing "bags of drugs down from the landing and onto the ground in the vicinity of and in view of the police officer who was shining a flashlight on respondent, saw his conduct, and recovered the drugs within seconds of the act" was not "likely to either destroy the evidence or make recovery less likely."  
M.F.
, 315 Ill. App. at 650.  We held that the State had not proved the respondent guilty of obstructing justice based on discarding Baggies containing a controlled substance.  
M.F.
, 315 Ill. App. 3d 650.  Defendant argues that the same reasoning should apply here because defendant swallowed the tan bag in the plain view of the officer; the officer was aware of the conduct and took steps to recover and did recover the evidence.  Defendant also emphasizes that his actions were taken in relation to a current and ongoing possessory crime, and not undertaken to conceal a completed crime.  See 
State v. Fuqua
, 303 N.J. Super. 40, 47, 696 A.2d 44, 48 (1997) (to avoid implicating the prohibition against self-incrimination, the term "concealment" must be "construed to refer to evidence of a completed criminal act, not a current possessory crime").  According to defendant, he could not conceal the bag where the officer was already aware of it and defendant’s actions were undertaken in the officer’s presence.  Further, defendant asserts that the reasoning of the New Jersey case, which refused to hold that "concealment" for the purposes of a statute similar to our obstruction of justice statute could occur in a current possessory crime, should apply  here, where defendant’s actions were undertaken in front of the police.  Defendant concludes, therefore, that there is insufficient evidence to support a conviction of obstruction of justice.  We disagree.

While defendant correctly notes that 
M.F.
 held that the act of throwing away a Baggie containing drugs did not support a charge of obstructing justice by concealment, defendant overlooks the fact that 
M.F.
 distinguished its facts from precisely the situation in this case, where a defendant swallowed the evidence, and noted that such conduct may constitute evidence tampering sufficient to support a conviction of obstruction of justice.  
M.F.
, 315 Ill. App. 3d at 649-50.  While there is no case on point in Illinois, several other jurisdictions have considered whether swallowing evidence will support an obstruction of justice charge.  
State v. Mendez
, 345 N.J. Super. 498, 785 A.2d 945 (2001) (dissipating suspected drugs by holding them outside window of moving car similar to swallowing evidence in attempt to conceal it and will support conviction of evidence tampering); 
Lewis v. State
, 56 S.W.3d 617 (Tex. Ct. App. 2001) (swallowing evidence sufficient to support evidence tampering conviction); 
Timberlake v. United States
, 758 A.2d 978 (D.C. App. 2000) (swallowing evidence sufficient to support charge of evidence tampering); 
State v. Clay
, 51 Conn. App. 694, 724 A.2d 1134 (1999) (swallowing evidence sufficient to conceal or destroy evidence within meaning of evidence tampering statute).  We are persuaded that there is a distinction between throwing evidence away from the person, as in 
M.F.
, and swallowing evidence in the hopes that it will go unrecovered.  Such conduct constitutes an attempt to alter, conceal, or destroy the evidence and will support a charge and conviction of obstructing justice.  

It is undisputed that defendant swallowed the tan bag in his mouth at the time of the police investigation.  That bag contained evidence of his possessory crime.  Although defendant was currently engaged in a possessory crime, his action was designed to "destroy[], alter[], conceal[] or disguise[] physical evidence" of that offense.  720 ILCS 5/31--4(a) (West 2000).  Because he engaged in such conduct, we find that there was sufficient evidence in this case to support defendant’s conviction.

For the foregoing reasons, the judgment of the circuit court of Du Page County is affirmed.

Affirmed.

McLAREN and GROMETER, JJ., concur.