NO. 4-08-0402      Filed 11/17/09

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

THE PEOPLE OF THE STATE OF ILLINOIS,  )  Appeal from
      Plaintiff-Appellee,  )  Circuit Court of
      v.  )  Macon County
DANNY COMAGE,  )  No. 07CF393
      Defendant-Appellant.  )
   )  Honorable
   )  Timothy J. Steadman,
   )  Judge Presiding.

_____

JUSTICE MYERSCOUGH delivered the opinion of the court:

In February 2008, a jury convicted defendant, Danny Comage, of obstructing justice (720 ILCS 5/31-4(a) (West 2006)). In May 2008, the trial court sentenced defendant to three years in the Illinois Department of Corrections (DOC). Defendant appeals, arguing the State failed to prove his guilt beyond a reasonable doubt because his act of throwing a crack pipe did not amount to concealment of evidence. We affirm.

I. BACKGROUND

In March 2007, The State charged defendant with obstructing justice (720 ILCS 5/31-4(a) (West 2006)), unlawful possession of drug paraphernalia (720 ILCS 600/3.5 (West 2006)), and resisting a peace officer (720 ILCS 5/31-1 (West 2006)). These charges resulted from events that took place as part of the investigation of a gas station theft. Defendant was not charged in relation to the gas station theft.

In July 2007, a jury convicted defendant of obstructing justice and resisting a peace officer but found him not guilty of possession of drug paraphernalia.  Defendant filed a motion for judgment notwithstanding the verdict or, alternatively, for a new trial based partly on the fact that one of the State's witnesses made reference to defendant having invoked his right to remain silent during police questioning.  In September 2007, the trial court granted defendant's motion for a new trial on the obstructing-justice and resisting-a-peace-officer charges.  The State later dismissed the resisting-a-peace-officer charge.

At the second jury trial in February 2008, the following evidence was presented.  On the night of March 19, 2007, while investigating a theft at a gas station in Decatur, Officer Chad Larner began looking for the suspect, who had been described as a clean-shaven black man, thinly built, and wearing nice casual dress slacks.  Officer Larner stopped defendant and asked for identification.  While Larner was checking defendant's information over the police radio, Officer Kathleen Romer arrived on the scene.  She noticed defendant was jumping around and appeared nervous.  Officer Romer testified defendant advised he needed to urinate and threatened to urinate on the squad car.  Thereafter, defendant suddenly ran away from the officers down an alley.  The two officers chased him for approximately 20 to 30 yards before defendant stopped.

During the chase, according to the officers, they had an unobstructed view of defendant. While only a short distance behind defendant, the officers saw him reach into his pocket, pull out two rod-like objects that were five to six inches in length, and throw them over a six-foot-tall, wooden privacy fence while he ran down the alley. The fence was just above Officer Larner's eye level. Neither officer saw over what section of the fence defendant threw the items. Defendant stopped approximately 10 to 15 feet from where he threw the items after Officer Romer threatened to use her Taser.

Officer Larner found a crack cocaine pipe and a push rod in the parking lot on the other side of the fence. The general area where the pipe and rod were found had landscape rock under and along the fence about two to three feet wide. Some grass was in the area but no snow. The rest of the parking lot was concrete or asphalt. According to his testimony, Larner located the 2 items in under 20 seconds after apprehending defendant. Although it was nighttime, Officer Larner testified that the parking lot was well-lit and vacant. Larner found the items in the approximate area where defendant had thrown the two items he took from his pocket.

Citing In re M.F., 315 Ill. App. 3d 641, 734 N.E.2d 171 (2000), defendant moved for a directed verdict on the ground that he had not concealed evidence since the officers observed defen-

dant toss the evidence over the fence and the officers promptly retrieved the evidence. The trial court denied defendant's motion on the grounds that the facts in M.F. were distinguishable from the case before the court. The court specifically stated as follows:

> "I do think[,] for the reasons I stated back in July[,] that there are significant distinguishing factors here that make this scenario much different or substantially different, I think, than what happened in the 'rooftop' case, not the least of which is, in this case according to the evidence the State has produced, defendant was running after a legal Terry [s]top took place. In the process of running on foot, he discarded the items, didn't just drop them but threw them over an adjacent fence[,] which is more of [an] affirmative act amounting to obstructing justice. So, I do think there are enough distinguishing factors here that--uh--the motion should be denied."

The jury found defendant guilty of obstructing justice. The trial court entered judgment on the verdict and sentenced defendant to three years' imprisonment in DOC.

This appeal followed.

## II. ANALYSIS

On appeal, defendant argues that the State failed to prove him guilty beyond a reasonable doubt. Specifically, defendant argues that the State failed to prove defendant "concealed" evidence to prevent his prosecution for possession of drug paraphernalia because the State only demonstrated that defendant "abandoned the crack pipe in full view of police without any reasonable ability to conceal it." The State argues that its burden of proof was met at trial. We agree with the State.

Section 31-4(a) of the Criminal Code of 1961 (Code) states:

"A person obstructs justice when, with intent to prevent the apprehension or obstruct the prosecution or defense of any person, he knowingly commits any of the following acts:

(a) Destroys, alters, conceals[,] or disguises physical evidence, plants false evidence, [or] furnishes false information[.]" 720 ILCS 5/31-4(a) (West 2006).

The State charged defendant, "with the intent to obstruct the prosecution of himself for possessing drug parapher-

- 5 -

nalia, knowingly concealed physical evidence, in that he threw a metal pipe and push-rod over a wooden privacy fence and out of view while being pursued by police."

This court must first determine whether defendant's actions in this case legally constitute concealment under section 31-4(a) of the Code (720 ILCS 5/31-4(a) (West 2006)).  The meaning of "conceal" is a question of law, which we review de novo.  People v. Ehley, 381 Ill. App. 3d 937, 943, 887 N.E.2d 772, 778 (2008).

The Code does not define the term "conceal."  When a statute does not define a term, the term is to be given its plain and ordinary meaning.  Price v. Philip Morris, Inc., 219 Ill. 2d 182, 243, 848 N.E.2d 1, 37 (2005).  "Conceal" is defined as follows:  "**1**: to prevent disclosure or recognition of[,] **2**: to place out of sight[,] **syn** see HIDE."  Merriam-Webster's Collegiate Dictionary 238 (10th ed. 1998).  Based on the specific facts in this case, we conclude defendant's actions did conceal the evidence.

Further, the trial court correctly determined that the Second District's opinion in M.F. is distinguishable from the case sub judice.  In M.F., the State alleged that M.F. knowingly concealed evidence from police officer Phillip Brown with the intent to obstruct his own prosecution by throwing Baggies containing cocaine off a rooftop.  M.F., 315 Ill. App. 3d at 642,

734 N.E.2d at 173. According to the facts in M.F., Officer Brown was securing the front of a residence while other officers went upstairs to execute a warrant. M.F., 315 Ill. App. 3d at 643, 734 N.E.2d at 173. Officer Brown heard the other officers knock on the door and announce their presence. M.F., 315 Ill. App. 3d at 643, 734 N.E.2d at 173. He then saw M.F. come out of a window onto the roof of the building over the entrance. M.F., 315 Ill. App. 3d at 643, 734 N.E.2d at 173. Officer Brown told M.F. not to move. M.F., 315 Ill. App. 3d at 643, 734 N.E.2d at 173. M.F. twice reached into his pocket and each time made a throwing motion toward the street behind Officer Brown, who was standing on the sidewalk approximately 30 feet from M.F. M.F., 315 Ill. App. 3d at 643, 734 N.E.2d at 173. Officer Brown was shining a flashlight on M.F. but could not see what M.F. had in his hands. M.F., 315 Ill. App. 3d at 643, 734 N.E.2d at 173. Another officer grabbed M.F. through the window and pulled him back into the building. M.F., 315 Ill. App. 3d at 643, 734 N.E.2d at 173. Officer Brown then looked in the direction M.F. had thrown the objects and found three bags containing a rock-like substance, which tested positive for cocaine, approximately 10 feet from him. M.F., 315 Ill. App. 3d at 643-44, 734 N.E.2d at 173-74.

The defendant in M.F. argued "he did not conceal the [B]aggies merely by throwing them away from his person, and they were retrieved by the officer within seconds so that his

- 7 -

prosecution was not obstructed." M.F., 315 Ill. App. 3d at 646, 734 N.E.2d at 176. The Second District Appellate Court stated:

> "Since the term 'conceal' is not defined by
> the statute and there is no case on point in
> Illinois addressing the issue of concealment
> based on this set of facts, we have examined
> cases from other jurisdictions that have
> applied this term to similar facts. Other
> states have similar obstruction or
> evidence-tampering statutes making it a crime
> to alter, destroy, mutilate, suppress, con-
> ceal, or remove physical evidence with the
> intent to impair its verity or availability
> in an official legal proceeding or a criminal
> investigation." (Emphasis in original.)
> M.F., 315 Ill. App. 3d at 646-47, 734 N.E.2d
> at 176.

After thoroughly discussing decisions from other jurisdictions, the Second District stated:

> "It appears that, under the scenarios
> presented, the clear weight of authority from
> other states concludes that where a defendant
> merely drops, throws down, or abandons drugs
> in the vicinity of the defendant and in the

- 8 -

presence and view of the police, this conduct does not constitute concealment that will support an evidence-tampering or obstruction charge, or a conviction that is additional to and separate from the ongoing possessory offense.

Like other jurisdictions, this court construes criminal statutes strictly, rather than expansively. The language used by the legislature is the best indication of legislative intent. [Citation.] Where the language is plain and unambiguous, a court will not read in exceptions, limitations, or conditions that the legislature did not express, nor should a court search for any subtle or not readily apparent intention of the legislature. [Citation.] Criminal or penal statutes are to be strictly construed in favor of an accused, and nothing should be taken by intendment or implication beyond the obvious or literal meaning of the statute. [Citation.] Absent a clearer legislative intent, we conclude that when an individual who is suspected of committing a possessory offense

abandons evidence by dropping or throwing it to the ground in the presence of a police officer, such conduct does not constitute an act of concealment within the meaning of the statute that would sustain a conviction for the additional felony offense of obstructing justice."  M.F., 315 Ill. App. 3d at 650, 734 N.E.2d at 178.

However, in the case sub judice, defendant did not merely abandon the evidence by throwing it to the ground in the vicinity and view of the police officer who was shining a flashlight on defendant.  Here, defendant took the more affirmative act of throwing the evidence over a privacy fence and out of the view of the police while defendant was fleeing from the police down an alley at night.

In a similar case, Hayes v. State, 634 So. 2d 1153 (Fla. App. 1994), the Florida appellate court upheld the defendant's conviction for tampering with evidence where the defendant, while being pursued by a police officer attempting to arrest the defendant, pulled a Baggie containing crack cocaine from his pants and dropped the Baggie into a drainage outlet. The wet Baggie was retrieved from the drainage system.  Hayes, 634 So. 2d at 1154.

In a similar Florida Supreme Court case, State v.

Jennings, 666 So. 2d 131 (Fla. 1995), the supreme court reversed the trial court's order dismissing the charge of tampering with physical evidence where the defendant, upon the approach of the police, tossed alleged cocaine rocks into his mouth and swallowed them.  The objects the defendant swallowed were never recovered.

The Jennings court disagreed with Boice v. State, 560 So. 2d 1383 (Fla. App. 1990).  In Boice, the defendant purchased a small bag of cocaine from an undercover police officer.  As soon as the transaction was completed, the police surrounded the defendant's vehicle.  The undercover officer observed the defendant throw the bag of cocaine out the window of his car.  One of the other officers retrieved the bag from the roadway where it was sitting near the door on the driver's side of the defendant's vehicle.  The reviewing court reversed the defendant's conviction for tampering with evidence, finding that "[t]he defendant's act of tossing the small bag of cocaine away from his person while in the presence of the arresting officers at the scene of the purchase [did] not rise to the level of conduct which constitutes a concealment or removal of something for the purpose of impairing its availability for the criminal trial" since the defendant did not remove the cocaine from the immediate area of his arrest. Boice, 560 So. 2d at 1384.

The Jennings court disagreed with Boice "to the extent it can be read to mean that tossing evidence away in the presence

of a law[-]enforcement officer does not, as a matter of law, constitute a violation of the statute."  <u>Jennings</u>, 666 So. 2d at 133.  The <u>Jennings</u> court found:

> "Depending upon the circumstances, such an act could amount to tampering or concealing evidence.  <u>An affirmative act of throwing evidence away constitutes more than mere abandonment</u>.  We conclude that the trial court's ruling is rooted in an overly broad reading of <u>Boice</u> and find that swallowing an object clearly constitutes altering, destroying, concealing, or removing a 'thing' within the meaning of section 918.13."  (Emphasis added.)  <u>Jennings</u>, 666 So. 2d at 133.

In the case <u>sub judice</u>, defendant urges us to narrowly interpret the meaning of "conceal," arguing that we should do so in line with the <u>M.F.</u> case.  Defendant argues since (1) he "abandoned" the evidence when he threw the evidence over the fence in full view of the police officers without any reasonable expectation that his action would not be viewed by the police and (2) the evidence was quickly discovered by the police, his actions cannot qualify as "concealment" under the obstruction-of-justice statute.  As did the Florida Supreme Court in its decision in <u>Jennings</u>, this court declines to place such a narrow

- 12 -

interpretation on the statute under the circumstances of this case. Defendant ran from the police down an alley at night. The police were in pursuit, not shining a flashlight on his every move. Defendant did not merely drop the evidence along his flight path, but threw it over a six-foot, wooden privacy fence. Defendant could have reasonably anticipated that the police may not see him throw the evidence over the fence. Fortunately for the police, the area where defendant threw the evidence happened to be a well-lit, empty parking lot, making retrieval of the evidence possible.

For the foregoing reasons, defendant's affirmative act constitutes concealment of the evidence under the obstruction-of-justice statute.

### III. CONCLUSION

For the reasons stated, we affirm the trial court's judgment. As part of our judgment, we grant the State its statutory assessment of $50 against defendant as costs of this appeal.

Affirmed.

McCULLOUGH, P.J., concurs.

POPE, J., dissents.

- 13 -

JUSTICE POPE, dissenting:

I respectfully dissent.  Although the majority attempts to distinguish this case from M.F., in my opinion it is virtually indistinguishable.  In M.F., the police were executing a search warrant for narcotics at an upstairs apartment while Officer Brown secured the front of the residence.  After hearing the other officers knock at the door of the apartment and announce their presence, Brown saw M.F. come out onto the roof and toss what turned out to be narcotics toward the street behind Brown. M.F. did not simply drop the items, nor did he simply abandon them.  He threw them off the roof--clearly to avoid detection by the officers executing the search warrant.

The Second District found M.F.'s conduct did not constitute obstructing justice based on concealment of evidence, because he threw the drugs from a rooftop in the vicinity of a police officer and the drugs were recovered within seconds. "Under the circumstances, it does not appear that this act was likely to either destroy the evidence or make recovery less likely.  Therefore, even though respondent may have intended to prevent the apprehension or obstruct the prosecution of himself for the possession charge, throwing the drugs to the ground was not an act of concealment that will sustain the additional obstructing[-]justice offense."  M.F., 315 Ill. App. 3d at 650, 734 N.E.2d at 178-79.

- 14 -

In the case sub judice, the officers were only a short distance behind defendant, saw him throw the objects, and recovered the same, in an open, well-lit area within seconds. Defendant simply did not conceal anything.

The Florida cases cited by the majority, Hayes and Jennings, are clearly distinguishable. In Hayes, the defendant did not merely throw the items in the presence of police officers--he stuffed them into a drainage outlet. Hayes, 634 So. 2d at 1154. In Jennings, the defendant swallowed the crack cocaine, resulting in the destruction of the evidence. Jennings, 666 So. 2d at 132. Jennings is quite similar to the Second District's decision in People v. Brake, 336 Ill. App. 3d 464, 465, 783 N.E.2d 1084, 1085 (2003), where the court affirmed a defendant's conviction for obstruction when he swallowed a bag of drugs in the presence of a police officer. I agree with the reasoning in Hayes, Jennings, and Brake. The acts in those cases amounted to concealment.

However, other out-of-state cases with similar facts to the case sub judice support a determination defendant here did not conceal evidence. See Vigue v. State, 987 P.2d 204, 205 (Alaska App. 1999) (overturned the defendant's tampering-with-evidence conviction, which was based on defendant dropping cocaine to the ground when a police officer approached him); Commonwealth v. Delgado, 544 Pa. 591, 592-93, 679 A.2d 223, 224

(1996) (overturned the defendant's conviction, finding act of discarding contraband in plain view of police (the defendant threw a bag of cocaine on the roof of a small garage while being pursued by police officers who (1) saw the defendant throw the object and (2) quickly recovered the object) does not constitute destruction or concealment of evidence); State v. Fuqua, 303 N.J. Super. 40, 47, 696 A.2d 44, 48 (1997) (held the New Jersey hindering statute was "sensibly construed to refer to evidence of a completed criminal act, not a current possessory crime" and did not apply where defendant had cocaine concealed in his socks); State v. Sharpless, 314 N.J. Super. 440, 459, 715 A.2d 333, 343 (1998) (act of discarding contraband in plain view of the police does not rise to a level of conduct that constitutes destruction or concealment of evidence); State v. Patton, 898 S.W.2d 732 (Tenn. Crim. App. 1994) (affirmed dismissal of evidence-tampering indictment that alleged the defendant abandoned a bag of cannabis by tossing it aside while being pursued by police officers); Hollingsworth v. State, 15 S.W.3d 586, 590 (Tex. App. 2000) (reversed evidence-tampering conviction, that was based on the defendant spitting out cocaine he had in his mouth in front of police officers, where evidence showed defendant was transporting crack cocaine in a customary manner and was not trying to impair its availability as evidence); Boice, 560 So. 2d 1384 (held the defendant's act of tossing away a bag of crack cocaine in the

presence of police officers amounted only to abandonment and not concealment sufficient to convict the defendant).

In Anderson v. State, 123 P.3d 1110, 1111 (Alaska App. 2005), which was decided subsequent to M.F., the defendant was involved in a car chase with police after he had broken into a house and shot and robbed one of the occupants. During the chase, the defendant tossed items out of the car, including a handgun, magazine for the handgun, and ammunition. Anderson, 123 P.3d at 1111-12. The State charged the defendant with a variety of offenses, including tampering with evidence, of which he was convicted. Anderson, 123 P.3d at 1112. On review, the Alaskan appellate court "conclude[d] that [the defendant's] conduct of tossing the articles from the car did not constitute the crime of evidence tampering." Anderson, 123 P.3d at 1112. According to the court:

> "[I]f we were to give a broad interpretation
> to the words 'remove', 'conceal', and 'al-
> ter', then a person who shoplifted a candy
> bar would commit three separate acts of evi-
> dence tampering--three separate felonies--
> when they (1) walked away from the store with
> the candy, (2) unwrapped the candy and depos-
> ited the wrapper in a trash receptacle, and
> then (3) ate the candy. It seems implausible

- 17 -

that the legislature intended the statute to be applied in this manner." <u>Anderson</u>, 123 P.3d at 1118.

However, the Alaskan appellate court stated it was not holding the "act of tossing away evidence can never constitute evidence tampering." <u>Anderson</u>, 123 P.3d at 1119. According to the court, "[t]he test appears to be whether the defendant disposed of the evidence in a manner that destroyed it or that made its recovery substantially more difficult or impossible." <u>Anderson</u>, 123 P.3d at 1119.

While defendant here clearly did not want to have the items in his possession when the police eventually apprehended him, his act of throwing the items did not conceal, alter, or destroy them. The police officers saw him throw the items, knew the area where the items were thrown, even though the items were temporarily out of their sight, and were able to easily recover the items within seconds. Defendant's actions neither destroyed nor disguised the crack pipe and push rod nor made the recovery of those items either difficult or impossible. If the items had been destroyed or their recovery made substantially more difficult or impossible, then an obstruction conviction would have been proper. See <u>Anderson</u>, 123 P.3d at 1119. As in <u>M.F.</u>, the evidence of concealment in this case was insufficient to sustain defendant's conviction for obstruction of justice.

Lastly, I note a jury found defendant not guilty of possession of the very paraphernalia that forms the basis for his conviction for obstruction.  At most, defendant here was guilty of attempt (obstruction of justice).