679 A.2d 223

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**William L. DELGADO, Appellant.**

Supreme Court of Pennsylvania.

Argued Dec. 6, 1995.

Decided June 25, 1996.

592

Vincent J. Quinn, Harrisburg, Linda F. Gerencser, for Delgado.

Joseph C. Madenspacher, Lancaster, Susan E. Moyer, for Commonwealth.

Before NIX, C.J., and FLAHERTY, ZAPPALA, CAPPY and CASTILLE, JJ.

## OPINION

NIX, Chief Justice.

Following a jury trial, Appellant, William Delgado, was convicted of possession of cocaine,[1] possession of cocaine with intent to deliver,[2] and tampering with or fabricating physical evidence.[3] The trial court subsequently denied Delgado's post-trial motions, and the Superior Court affirmed on the basis of the trial court's opinion. *Commonwealth v. Delgado*, 435 Pa.Super. 620, 644 A.2d 804 (1994). We granted allowance of appeal in order to review the sufficiency of the evidence underlying Delgado's conviction for tampering with or fabricating evidence. For the reasons that follow, we reverse.

On August 27, 1991, Sergeant Eric Stewart of the Lancaster Bureau of Police was conducting a drug investigation. At approximately 5:30 p.m. that evening, he met with a confidential informant to whom he gave an unspecified amount of money. Sergeant Stewart dropped off the informant on East

1. 35 P.S. § 780–113(16).
2. 35 P.S. § 780–113(15).
3. 18 Pa.C.S. § 4910.

King Street with the intention that he might make a controlled purchase of drugs in that vicinity.

Sometime thereafter, Sergeant Stewart observed the informant make contact with Delgado. The two men proceeded to a garage at Mifflin Street. The confidential informant then gave a pre-arranged hand signal indicating that it was time for the police to intervene. At that point, Sergeant Stewart advised the other police officers on the scene to arrest Delgado.

Two state narcotics agents approached Delgado, and he attempted to flee the scene. As he ran down an alley, one of the pursuing agents observed Delgado throw an object on top of a small outbuilding or garage. The object was retrieved and subsequently determined to be a plastic bag containing 17.1 grams of cocaine.

Based on Delgado's throwing of the plastic bag containing cocaine, he was convicted of tampering with or fabricating evidence. The elements of this offense are set forth in 18 Pa.C.S. § 4910, which provides in pertinent part:

A person commits a misdemeanor of the second degree if, believing that an official proceeding or investigation is pending or about to be instituted, he:

(1) alters, destroys, conceals or removes any record, document or thing with intent to impair its verity or availability in such proceeding or investigation....

18 Pa.C.S. § 4910(1). The trial court concluded that the evidence presented by the Commonwealth was sufficient to support a conviction under this section. The Superior Court adopted the holding and reasoning of the trial court. Delgado contends that this was error because his actions did not constitute any of the acts prohibited by the statute. We agree.

The rules of statutory construction mandate that when the words of a statute are clear and unambiguous, the letter of it must not be disregarded under the pretext of pursuing its spirit. 1 Pa.C.S. § 1921(b). With this rule in mind, we find that the Superior Court and trial court have failed to follow the plain meaning of the statute. Section 4910(1) prohibits an

individual from "alter[ing], destroy[ing], conceal[ing] or re-mov[ing] any ... thing with intent to impair its verity or availability...." 18 Pa.C.S. § 4910(1). There is nothing in the record to suggest that Delgado's conduct comes within the realm of any of these enumerated actions.

Detective John Lutz of the Lancaster County Drug Task Force was one of the law enforcement officers that pursued Delgado when he fled the crime scene. Detective Lutz testi-fied that he saw Delgado "[throw] what later appeared to [him] to be cocaine up on top of a roof of a little outbuilding or garage." (N.T. 11/2–11/3/92, 84). After observing Delgado discard the object, Detective Lutz tackled him and placed him under arrest. (N.T. 11/2–11/3/92, 84). It is apparent from the sequence of events that Delgado was aware that Detective Lutz was right behind him when he tossed the contraband.[4]

Delgado's act of discarding contraband in plain view of the pursuing officer fails to demonstrate the intent necessary to maintain a conviction under 18 § Pa.C.S. 4910(1). This sec-tion requires that an individual "alter[ ], destroy[ ], conceal[ ] or remove" a piece of evidence to be guilty of tampering with or fabricating evidence. Delgado's act of discarding contra-band in plain view of the police does not rise to a level of conduct that constitutes the destruction or concealment of evidence as contemplated by the statute. The act of throwing the bag of cocaine while being chased by the police was nothing more than an abandonment of the evidence. We reach this conclusion mindful of the principles of construction for the Crimes Code:

The provisions of [the Crimes Code] shall be construed according to the fair import of their terms but when the

---

**4.** The testimony of Robert Roderick, a Narcotics Agent for the Office of the Attorney General, corroborates the timing and sequence of these events. Agent Roderick testified that he was in his car at the time the signal was given to apprehend Delgado. The agent stated that he pulled up alongside Delgado, opened the car door and called to him. As Agent Roderick got out of his car, the car started to move away because it was still in gear. The agent jumped back into the car in order to stop it. By the time Agent Roderick got back out of the car, he observed Detective Lutz wrestling Delgado to the ground. (N.T. 11/2–11/3/92, 101–02).

language is susceptible of differing constructions it shall be interpreted to further the general purposes stated in this title and the special purposes of the particular provision involved.

18 Pa.C.S. § 105.

We note that in general a conviction for simple possession of cocaine is a misdemeanor of the third degree punishable by a maximum term of imprisonment of one year. 35 P.S. §§ 780–113(16), (37)(b); 18 Pa.C.S. § 106(b)(9). Tampering with evidence is a misdemeanor of the second degree punishable by a maximum sentence of two years' imprisonment. 18 Pa.C.S. § 4910(1); 18 Pa.C.S. § 106(b)(7). Under these circumstances, we do not believe that the General Assembly intended the simple act of abandoning evidence in plain view of the police to constitute the commission of an additional crime of a greater degree.

Accordingly, we hold that the Superior Court erred as a matter of law in concluding that the evidence in this case was sufficient to support Delgado's conviction for tampering with evidence. The Order of the Superior Court is reversed with respect to this conviction.