**Rahmorial PENNEWELL, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

No. 545, 2008.

Supreme Court of Delaware.

Submitted: April 22, 2009.

Decided: July 21, 2009.

Santino Ceccotti, Esquire, Office of Public Defender, Wilmington, DE, for Appellant.

Gregory E. Smith, Esquire, State Department of Justice, Wilmington, DE, for Appellee.

Before STEELE, Chief Justice, HOLLAND, BERGER, JACOBS and RIDGELY, Justices, constituting the Court en Banc.

BERGER, Justice:

In this appeal we consider whether a defendant may be convicted of tampering with evidence for dropping a bag of marijuana to the ground immediately before being arrested. The crime of tampering with evidence includes the suppression of evidence by "any act of concealment...."[1] Here, the defendant had been trying to elude the police on foot. The defendant dropped his drugs to the ground while in plain view of the approaching police officer. We hold that these facts do not sup-

---

19. *Id.,* at *2.

1. 11 *Del. C.* § 1269.

port a finding of concealment. Although the defendant undoubtedly hoped to avoid being charged with possession of marijuana, his effort to dispose of the drugs did not amount to concealment because he did not attempt to hide the drugs or prevent their discovery. Rather, the defendant abandoned the drugs. Accordingly, his conviction of tampering with evidence must be reversed.

## Factual and Procedural Background

On May 31, 2008, New Castle County Police Officers Peter Stewart and Thomas Bruhn responded to a report of a suspicious vehicle and person in the Village of Crofton. Stewart saw Rahmorial Pennewell and three other males standing behind a vehicle that was parked along a fence. As the men noticed the approaching police car, they separated. Pennewell walked away from the police car and around a corner. Stewart followed, and saw Pennewell step into a bush that was on the corner. Stewart was approximately 9 feet away from Pennewell, and the officer could see Pennewell through the bush. Although Stewart did not see Pennewell's hands, he did see a plastic bag drop to the ground in front of Pennewell's feet. As Stewart exited the police car, Pennewell walked back in the direction of the parked car. Stewart arrested Pennewell and then retrieved the plastic bag, which contained approximately 8 grams of marijuana.

Pennewell was charged with possession of marijuana and tampering with physical evidence. At trial, Pennewell moved for judgment of acquittal on both counts, but the trial court denied the motions. Pennewell was convicted of both charges, and now appeals the tampering with evidence conviction.

## Discussion

Pennewell argues that the trial court erred in denying his motion for judgment of acquittal. This Court reviews Pennewell's claim *de novo* to determine, "whether any rational trier of fact, viewing the evidence in the light most favorable to the State, could find [him] guilty beyond a reasonable doubt of all the elements of the crime." [2]

The felony, tampering with physical evidence, is defined in 11 *Del. C.* § 1269:

A person is guilty of tampering with physical evidence when:

\* \* \* \*

(2) Believing that certain physical evidence is about to be produced or used in an official proceeding or a prospective official proceeding, and intending to prevent its production or use, the person suppresses it by any act of concealment, alteration, or destruction, or by employing force, intimidation or deception against any person.

A rational trier of fact could infer that Pennewell knew the marijuana would be used in a prospective criminal trial. Thus, the only question is whether Pennewell's conduct was an "act of concealment."

Because the term "act of concealment" is not defined in the Delaware Code, it must be given its common and ordinary meaning.[3] The dictionary definition of "concealment" is, "an act by which one prevents or hinders the discovery of something ... [t]he act of removing from sight or notice; hiding." [4] This Court has upheld tampering with evidence convictions where the defendant: 1) put drugs in the car's glove box and placed a digital scale in the side pocket of the car door; [5] 2) put

---

2. *Priest v. State,* 879 A.2d 575, 577 (Del.2005).

3. 1 *Del. C.* § 303.

4. BLACK'S LAW DICTIONARY 282 (7th Ed. 1999).

5. *Fletcher v. State,* 2005 WL 646841 at *4 (Del.Supr.).

drugs in his mouth;[6] and 3) attempted to flush drugs down the toilet.[7] In addition, where the defendant tossed crack cocaine out of the car window while being chased by police, this Court agreed with the trial court's assessment that it was "not a close case...."[8]

Each of these fact patterns involved efforts to hide, or prevent discovery of, the evidence. Pennewell, by contrast, was standing still, in plain view of the police, when he dropped the bag of marijuana to his feet. Pennewell undoubtedly hoped that the officer would not notice what he had done, and that the marijuana would never be found. But the fact that he wanted to dispose of the drugs, does not mean that he was tampering with physical evidence. Pennewell did not commit a second crime by abandoning his drugs as he was about to be arrested.

Other jurisdictions have consistently held that one who discards contraband, while in the presence of police officers, has not "concealed" evidence for purposes of a tampering with evidence conviction. In *Commonwealth v. Delgado,*[9] for example, the police had arranged a controlled purchase of drugs, and were watching as the deal unfolded. Two narcotics agents approached the defendant, who started running down an alley. One officer, who was in pursuit, saw the defendant throw something onto the roof of a small garage. The officer retrieved a plastic bag containing cocaine. The Pennsylvania Supreme Court reversed the defendant's tampering with evidence conviction, reasoning:

> [The Pennsylvania statute] requires that an individual, "alter[ ], destroy[ ], con-

ceal[ ] or remove" a piece of evidence to be guilty of tampering with or fabricating evidence. [Defendant's] act of discarding contraband in plain view of the police does not rise to a level of conduct that constitutes destruction or concealment of evidence as contemplated by the statute. The act of throwing the bag of cocaine while being chased by the police was nothing more than an abandonment of the evidence....

* * *

We note that in general a conviction for simple possession of cocaine is a misdemeanor of the third degree punishable by a maximum term of imprisonment of one year. Tampering with evidence is a misdemeanor of the second degree punishable by a maximum sentence of two years' imprisonment.... [W]e do not believe that the General Assembly intended the simple act of abandoning evidence in plain view of the police to constitute the commission of an additional crime of greater degree.[10]

Similarly, in *Vigue v. State,*[11] a police officer attempted to stop the defendant, who was walking away. Eventually the defendant turned around and faced the officer, but the defendant kept his hands behind his back and made what appeared to be a shaking motion. The defendant then walked back to the patrol car, as instructed. The officer went to the spot where the defendant had been standing and retrieved five rocks of crack cocaine from the ground. The *Vigue* court reviewed other decisions, including *Delgado,*

---

6. *Hardy v. State,* 2007 WL 2696719 at *1 (Del.Supr.).

7. *Anderson v. State,* 2004 WL 744188 at *2 (Del.Supr.).

8. *Hunter v. State,* 815 A.2d 730, 737 (Del. 2002).

9. 544 Pa. 591, 679 A.2d 223 (1996).

10. *Id.* at 594, 679 A.2d 223.

11. 987 P.2d 204 (Ak.Ct.App.1999).

and concluded that the defendant's conviction must be reversed. The court noted:

> [I]t is important not to confuse [the defendant's] intent with his physical actions. The evidence-tampering statute uses the terms "suppress" and "conceal" to define the *actus reus* of the crime. In addition to this *actus reus,* the statute also requires proof of a culpable mental state—here, [the defendant's] intent to "impair [the] availability" of the evidence. The fact that [the defendant] intended to make it harder for Officer Kantor to detect the cocaine does not mean that [the defendant] actually succeeded in … "concealing" the cocaine when he tossed or dropped it to the ground. Indeed, under the facts of this case, no suppression or concealment occurred.... [12]

The *Vigue* court also thought the seriousness of the two crimes to be an important factor in construing the tampering with evidence statute:

> Tampering with evidence is a class C felony. As was pointed out in *Delgado, Boice* [*v. State*, 560 So.2d 1383 (Fla.App. 1990)], [*State v.*] *Patton*[, 898 S.W.2d 732 Tenn.Cr.App.(1994)], [*State v.*] *Fuqua*[, 303 N.J.Super. 40, 696 A.2d 44 (1997)], and [*State v.*] *Sharpless*[,314 N.J.Super. 440, 715 A.2d 333 (1998)], if the words "suppress" and "conceal" are interpreted to cover actions such as tossing evidence to the ground, … then minor possessory offenses would often be converted to felonies with little reason.[13]

We adopt the reasoning of the *Delgado* and *Vigue* courts. The crime of tampering with physical evidence is a felony in Delaware, whereas possession of marijuana is a misdemeanor. We do not believe the General Assembly intended the act of dropping marijuana to the ground, in plain view of the police, to constitute an additional, more serious, crime than the crime of possession of marijuana. In reaching this conclusion, we recognize that the circumstances under which a defendant discards contraband will be different in each case. Here, Pennewell dropped the drugs to the ground, where they were both visible and immediately retrievable. If, instead, Pennewell had been standing by a water drain and managed to drop the drugs into the drain, it is likely that the result would be different. Our holding does not attempt to categorize the range of possible conduct that would be non-criminal "abandonment" as opposed to criminal "concealment" of evidence. We simply conclude, on this record, that Pennewell did not commit the crime of tampering with physical evidence.

### Conclusion

Based on the foregoing, the judgment of conviction on the charge of tampering with physical evidence is REVERSED and this matter is remanded to the Superior Court for re-sentencing. Jurisdiction is not retained.