J-S55005-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : : : : | |
| v. | : : | |
| | : | No. 328 MDA 2017 |
| BETSY LINN JOHNSON | | |

Appeal from the Order Entered January 23, 2017
In the Court of Common Pleas of Centre County
Criminal Division at No(s):  CP-14-CR-0001417-2016

BEFORE:   DUBOW, J., RANSOM, J., and STRASSBURGER, J.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED NOVEMBER 16, 2017**

The Commonwealth appeals from the January 28, 2014 Order the

Centre County Court of Common Pleas entered on January 23, 2017,

dismissing the charge of Tampering with or Fabricating Physical Evidence

against Appellee, Betsy Linn Johnson, based upon a lack of *prima facie*

evidence.  After careful review, we are constrained to reverse.

We summarize the factual and procedural background of this matter as

follows.  On May 27, 2016, Appellee called 911 to report that her boyfriend,

Joshua Rupert ("Rupert"), had assaulted her.  N.T., 9/7/16, at 10.  Members

of the Pennsylvania State Police responded to the scene, at the side of the

road along State Route 144, and interviewed Appellee and Rupert.  *Id.* at 7.

_____

[*] Retired Senior Judge assigned to the Superior Court.

Appellee told Trooper Benjamin Clark ("Trooper Clark") that she called 911 after Rupert had physically assaulted her. *Id.* at 10. She also told Trooper Clark that Rupert had been in possession of a small amount of marijuana, which he had dropped on the ground as the first Troopers pulled up to their location. *Id.* at 10-11. Appellee admitted to picking the marijuana up off the ground and throwing it over a guide rail along the shoulder of the road in order to obscure it from view. *Id.* at 10. She then led Trooper Clark to the spot where she had thrown the bag. *Id.* at 11. Trooper Clark recovered the bag and its contents, and his field test for marijuana was positive. *Id.* at 8.

Trooper Clark arrested Appellee and charged her with Possession of a Small Amount of Marijuana.[1] At Appellee's September 7, 2016 preliminary hearing, the Commonwealth amended the Criminal Complaint, over defense objection, to include a charge of Tampering with or Fabricating Physical Evidence.[2] After the hearing, the district court dismissed the charge of Possession of a Small Amount of Marijuana, and the Commonwealth did not appeal that ruling. The district court bound Appellee over for court on the charge of Tampering with or Fabricating Physical Evidence.

_____

[1] 35 P.S. § 780-113(a)(31).

[2] 18 Pa.C.S. § 4910.

- 2 -

On October 6, 2016 Appellee filed a Petition for Writ of Habeas Corpus challenging the Commonwealth's *prima facie* case against her. On December 8, 2016, the trial court held a hearing on the Petition and on January 24, 2017, the trial court granted the Petition based on its conclusion that "the Commonwealth has not presented any evidence of [Appellee's] knowledge of an investigation or official proceeding involving marijuana prior to throwing the bag of marijuana over the guide rail." Trial Court Opinion, filed 1/24/17, at 5.

The Commonwealth filed a timely appeal as authorized following the dismissal of charges following a trial court's grant of a pre-trial Petition for Writ of Habeas Corpus. *See Commonwealth v. Hess*, 414 A.2d 1043, 1047 (Pa. 1980). On appeal, the Commonwealth raises one issue:

> Whether the trial court erred when it granted [Appellee's] Petition for Writ of Habeas Corpus dismissing the sole count of tampering with evidence and discharging [Appellee] after the Commonwealth clearly established each element of the offense?

Commonwealth's Brief at 4.

Regarding our scope and standard of review, our Supreme Court has noted that "it is settled that the evidentiary sufficiency, or lack thereof, of the Commonwealth's *prima facie* case for a charged crime is a question of law as to which an appellate court's review is plenary." *Commonwealth v. Karetny*, 880 A.2d 505, 528 (Pa. 2005) (citation omitted). "Indeed, the trial court is afforded no discretion in ascertaining whether, as a matter of law and in light of the facts presented to it, the Commonwealth has carried

its pre-trial, *prima facie* burden to make out the elements of a charged crime." **Id.** As the Commonwealth's claim presents a question of law, our scope of review is plenary and our standard of review is *de novo*. **See In re Vencil**, 152 A.3d 235, 241 (Pa. 2017) (noting that, for pure questions of law, "our standard of review is *de novo* and our scope of review is plenary.").

At issue here is whether the Commonwealth produced sufficient evidence to establish a *prima facie* case of Tampering with or Fabricating Physical Evidence. As this Court has previously explained:

> The Commonwealth establishes a *prima facie* case when it produces evidence that, if accepted as true, would warrant the trial judge to allow the case to go to a jury. The Commonwealth need not prove the elements of the crime beyond a reasonable doubt; rather, the *prima facie* standard requires evidence of the existence of each and every element of the crime charged. Moreover, the weight and credibility of the evidence are not factors at this stage, and the Commonwealth need only demonstrate sufficient probable cause to believe the person charged has committed the offense. Inferences reasonably drawn from the evidence of record which would support a verdict of guilty are to be given effect, and the evidence must be read in the light most favorable to the Commonwealth's case.

**Commonwealth v. Marti**, 779 A.2d 1177, 1180 (Pa. Super. 2001) (internal citations and quotations omitted).

The offense of Tampering with or Fabricating Physical Evidence is defined, in relevant part, as follows:

> A person commits a misdemeanor of the second degree if, believing that an official proceeding or investigation is pending or about to be instituted, he:

> (1) alters, destroys, conceals or removes any record, document or thing with intent to impair its verity or availability in such proceeding or investigation[.]

18 Pa.C.S. § 4910(1). Thus, the Commonwealth must prove three elements to establish the offense of Tampering with or Fabricating Physical Evidence: "(1) the defendant knew that an official proceeding or investigation was pending; (2) the defendant altered, destroyed, concealed, or removed an item; and (3) the defendant did so with the intent to impair the verity or availability of the item to the proceeding or investigation." ***Commonwealth v. Jones***, 904 A.2d 24, 26 (Pa. Super. 2006) (citation omitted).

In the instant case, the trial court conceded that Appellee was aware of an impending investigation into her domestic violence claim, but concluded that she must have also been aware of an impending investigation into the marijuana at issue to satisfy the first element of Tampering with or Fabricating Physical Evidence. Trial Court Opinion at 4.

We find nothing in in the language of Section 4910, which refers to "an . . . investigation" generally, to support such a narrow, offense specific reading of the statute. Moreover, even if we concluded that the *mens rea* element of Section 4910 required Appellee to be aware of an impending investigation into the small amount of marijuana, we conclude that the Commonwealth has established sufficient evidence of that element under the *prima facie* standard.

Trooper Clark summarized his interaction with Appellee as follows:

- 5 -

> During the interview with [Appellee] she had reported that her boyfriend[, Rupert,] had dropped [a glassine bag with a small amount of marijuana] out of his pocket upon me approaching the first police car, first patrol unit. [Appellee] related that she picked it [up] off of the ground and she threw it over the guide rail. She then showed us where that small bag of marijuana was. I took possession of the marijuana and reiterated to [Appellee]—I summed up what she was saying and said so what you are telling me you took possession of that small bag of marijuana and threw it over the guide rail to hide it from police and at that point she stated yes.

N.T. at 8.

Appellee admitted that she threw the bag over the guide rail while officers were approaching in order to hide it from their view. It is reasonable to infer, based on the evidence in the light most favorable to the Commonwealth, that she hid the marijuana from police because she was aware that they would investigate the marijuana if it remained in plain sight. Thus, we conclude that the trial court erred in dismissing the charge on these grounds.

In her brief to this Court, Appellee avers two additional grounds to find that the Commonwealth failed to present a *prima facie* case of Tampering with or Fabricating Physical Evidence. First, Appellee cites to *Commonwealth v. Delgado*, 679 A.2d 223 (Pa. 1996), to support her claim that she merely "abandoned" rather than concealed the marijuana. Appellee's Brief at 8-9.

The procedural context of *Delgado* is different from the procedural context of the instant matter. *Delgado* concerned a challenge to the

- 6 -

sufficiency of the evidence at trial. Here, we consider the sufficiency of the evidence at a pre-trial proceeding. The standards of proof are different. *See, e.g., Marti*, 779 A.2d at 1180 ("[T]he Commonwealth need not prove the elements of the crime beyond a reasonable doubt; rather, the prima facie standard requires evidence of the existence of each and every element of the crime charged."). Thus, reliance on **Delgado** is misplaced.

Moreover, we conclude that the facts of **Delgado** are distinguishable from the instant case. In **Delgado**, a suspect in a narcotics investigation threw a bag of cocaine onto a rooftop while in a close foot chase with officers. **Delgado**, 679 A.2d at 225. Our Supreme Court held that "discarding contraband in plain view of [a] pursuing officer" constitutes abandonment rather than destruction or concealment. **Id.** In the instant case, Appellee did not merely discard marijuana already in her possession; instead, she took possession of the marijuana in order to conceal it.

Finally, Appellee avers that the fact that she immediately disclosed the location of the marijuana demonstrates that her intent was to **preserve** the evidence for police, not conceal it from them. Appellee's Brief at 9. That may be one reasonable inference that can be drawn from the evidence and argued at trial, but it is not a relevant inference in a *prima facie* analysis.

We are instructed to examine the evidence in the light most favorable to the Commonwealth, and to make those reasonable inferences that would **support** a verdict of guilty, not undermine it. **Marti**, 779 A.2d at 1180.

Viewed through this lens, the evidence supports the Commonwealth's position that Appellee had the requisite intent to conceal the marijuana, and only later confessed to the crime after its commission.

While a jury might well find Appellee not guilty of the offense charged, it is not for us or the trial court to decide guilt at this stage. At this stage, the Commonwealth must only present evidence to establish sufficient probable cause to believe Appellee committed the crime charged. Here, the trial court should have denied Appellee's Petition. Based on the foregoing, the order of the trial court is reversed, and the charge of Tampering with or Fabricating Physical Evidence is reinstated.

Order reversed. Case remanded. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/16/2017