J-A20003-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JASON EDWARD PROVENZANO | : | |
| | : | |
| Appellant | : | No. 1171 WDA 2020 |

Appeal from the Judgment of Sentence Entered October 1, 2020
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0013089-2019

BEFORE: PANELLA, P.J., BENDER, P.J.E., and McCAFFERY, J.

MEMORANDUM BY PANELLA, P.J.: **FILED: NOVEMBER 15, 2021**

Jason Edward Provenzano appeals from his judgment of sentence for possession of a controlled substance and tampering with physical evidence. He urges this Court to vacate his judgment of sentence on the grounds that the evidence was not sufficient to support either of his convictions. In the alternative, he asks this Court to reverse his judgment of sentence based on his allegation that he is entitled to a new trial because of a police sergeant's prejudicial testimony regarding Provenzano's past criminal conduct. The trial court, in its supplemental opinion on appeal, agrees with Provenzano on the sergeant's testimony, and requests we reverse and grant Provenzano a new trial. We conclude that the evidence was sufficient to support the convictions but agree with Provenzano that he is entitled to a new trial based on the unduly prejudicial testimony. Accordingly, we reverse and remand.

Sergeant Frank Scatena of the Crafton Borough Police Department was off duty on the afternoon of October 8, 2019, when he observed a hand to hand transaction between Provenzano and a passenger in a stopped car. Sergeant Scatena called the police station and relayed his observations to Sergeant Timothy Harvison. Sergeant Harvison arrived at the scene and subsequently detained Provenzano. Meanwhile, Officer Joshua Withers, also from the Crafton Borough Police Department, searched the immediate area where Provenzano was being detained. He found five bags of suspected heroin in an otherwise empty garbage can a few feet from where Provenzano had been stopped. Provenzano was arrested and charged with possession of a controlled substance and tampering with physical evidence.

The matter proceeded to a non-jury trial. At trial, Sergeant Scatena testified about the exchange he witnessed between Provenzano and the passenger of the stopped car. He stated that, as he was driving, he saw Provenzano walking towards him. *See* N.T., 10/01/20, at 5. He then saw Provenzano walk from the sidewalk to the passenger side of a vehicle that had stopped in the middle of the street. *See id*. at 5. At that time, Sergeant Scatena recounted that he saw a hand to hand transaction between Provenzano and the passenger through the vehicle's passenger side window, which Sergeant Scatena described as a "hand manipulation inside the car in a quick, discreet way." *Id*. at 6. He stated that the transaction took less than five seconds. *See id*. at 8.

In response to the prosecutor's question of what happened after he saw Provenzano with his hands inside the car, Sergeant Scatena testified as follows:

> I saw some kind of transaction between the two. [ ] Provenzano, I recognized who he was. I knew that he lived right around the corner [from the transaction] in Crafton. I've also known that most of our interactions with him are related [to] narcotics, heroin.

*Id*. at 6-7. Defense counsel objected, but the trial court overruled the objection. **See id.** at 7.

Sergeant Harvison also testified. He explained that when he arrived on the scene minutes after getting the call from Sergeant Scatena about the suspected transaction, he pulled his patrol car over in front of Provenzano as he was walking. **See id.** at 28. Provenzano immediately changed directions and began walking the other way, the way from which he had just come. **See id.** He walked behind a parked pickup truck and Sergeant Harvison told him to stop. **See id.** at 29. Provenzano complied, and after Sergeant Harvison told him he was suspected of engaging in a hand to hand transaction, Provenzano told Sergeant Harvison to "go ahead and search" him. **Id.** at 30, 35.

Sergeant Harvison testified that there was an open garbage can inches from the pickup truck, and that Provenzano was a few feet from that garbage can when he searched him. **See id.** at 30, 31, 38. He testified that Provenzano would have passed the garbage can twice. **See id.** at 31. He also confirmed that he "never lost sight of" Provenzano during their encounter. **Id.** at 29, 37.

Officer Withers also testified about the circumstances of his discovery of the bags of narcotics in the trash can. He testified that he arrived on the scene right after Sergeant Harvison and, at Sergeant Harvison's direction, searched the area for contraband. *See id.* at 17, 18. He testified that there was an open garbage can on the sidewalk behind the bed of the pickup truck next to where Provenzano and Sergeant Harvison were standing. *See id.* at 18, 19, 22, 23. He looked into the open garbage can and saw five bags of suspected heroin. *See id.* at 18, 23. The garbage can was otherwise empty. *See id.*[1] The substance in the bags later tested positive for fentanyl. *See id.* at 31.

Following trial, the trial court found Provenzano guilty of both possession of a controlled substance as well as tampering with evidence. The court sentenced Provenzano to nine months of probation for the possession of a controlled substance count, and no further penalty for the tampering count. Provenzano filed a timely notice of appeal.

In response, the trial court issued a Pa.R.A.P. 1925(a) opinion in which the court concluded that the evidence was sufficient to support the convictions and therefore urged this Court to affirm Provenzano's judgment of sentence. Less than a month later, the court issued a supplemental Pa.R.A.P. 1925(a) opinion, in which it stated that, upon further consideration, it would grant Provenzano a new trial on the basis of Sergeant Scatena's unduly prejudicial

---

[1] There was testimony that trash had been collected earlier that day. *See id*. at 18, 31.

testimony regarding Provenzano's previous heroin-related involvement with police.

On appeal, Provenzano first argues that the evidence was insufficient to convict him of possession of the drugs. Specifically, Provenzano maintains that the trial court erroneously found that he had constructive possession of the drugs that were found in the garbage can. This claim fails.

Evidence presented at trial is sufficient when, viewed in the light most favorable to the Commonwealth as the verdict winner, the evidence and all reasonable inferences derived from the evidence are sufficient to establish all elements of the offense beyond a reasonable doubt. **See Commonwealth v. Blakeney,** 946 A.2d 645, 651 (Pa. 2008). The Commonwealth may sustain its burden entirely by circumstantial evidence. **See Commonwealth v. Ramtahal**, 33 A.3d 602, 607 (Pa. 2011). Additionally, the fact-finder, which passes upon the weight and credibility of each witness's testimony, is free to believe all, part or none of the evidence. **See id**.

To sustain Provenzano's conviction for possession of a controlled substance, fentanyl, the Commonwealth was required to prove that Provenzano knowingly or intentionally possessed the fentanyl. **See** 35 P.S. § 780-113(a)(16); **Commonwealth v. Macolino**, 469 A.2d 132, 134 (Pa. 1983). "Possession can be proven by showing actual possession, *i.e.* a controlled substance found on the [defendant's] person, or by showing that the [defendant] constructively possessed the drug." **Macolino**, 469 A.2d at

134. Our Supreme Court has defined constructive possession as the ability to exercise a conscious dominion over the contraband, that is, the power to control the contraband and the intent to exercise such control. *See id*. The intent to maintain a conscious dominion over contraband may be inferred from the totality of the circumstances. *See id*. Constructive possession may be proven by circumstantial evidence alone. *See id*.

In light of the fact that the fentanyl was found in the garbage can and not on Provenzano's person, the Commonwealth had the burden to prove that Provenzano constructively possessed the fentanyl. The trial court found that the Commonwealth had done so here, as the circumstantial evidence "strongly supported" the inference that Provenzano discarded the bags of narcotics in the garbage can. Trial Court Opinion, 12/16/20, at 4 (unpaginated). The court stated:

> The verdict of guilty [of the possession of a controlled substance] was entered on the convincing sequence of four events: (1) the hand-to-hand type of action through the passenger side window of a car briefly stopped on [the s]treet, (2) [Provenzano]'s subsequent reversal in direction upon seeing the approaching police car, … 3) [Provenzano]'s unsolicited offer to be searched, [and] 4) [Provenzano]'s proximity to the open garbage can containing five baggies of [fentanyl] in the area, where [Provenzano] was stopped just behind the pick-up truck.

*Id*. at 3.

We see no error in the trial court's conclusion that this evidence was sufficient to support an inference that Provenzano's constructive possession of the fentanyl was more likely than not, and therefore sufficient to support

the possession of a controlled substance conviction. *See Commonwealth v. Hopkins*, 67 A.3d 817, 820 (Pa. Super. 2013) (citation omitted) (stating that "[c]onstructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not").

Provenzano argues, however, that the trial court's conclusion that he had constructive possession of the fentanyl was based on nothing more than mere speculation. He maintains that the Commonwealth did not establish constructive possession because the garbage can was publicly accessible and because Sergeant Harvison testified that he never lost sight of Provenzano but yet, did not see Provenzano throw anything into the garbage can. According to Provenzano, he passed the garbage can two times - once immediately before Sergeant Harvison arrived and then once after he turned around when Sergeant Harvison arrived on the scene. Based on Sergeant Harvison's testimony that he never lost sight of Provenzano but did not see him discard the heroin, Provenzano claims he would have had to preemptively discard the heroin the first time he passed the garbage can, before Sergeant Harvison arrived on the scene. This claim is meritless, and does not alter our conclusion that the trial court did not err in finding the evidence sufficient to support a conviction for possessing the heroin. As the Commonwealth explains:

> It is unclear why [Provenzano] insists he would have had to drop the [fentanyl] in the garbage can before he was even confronted by the Sergeant: 'For the Commonwealth's evidence to be enough for guilt beyond a reasonable doubt here, [Provenzano] would have had to place the drugs in the trash can the first time he passed it.' Brief for Appellant at 21-22. It is clear that when

- 7 -

[Provenzano] turned and began walking away from Sergeant Harvison, he walked behind the truck. That is where the garbage can was located. [The] fact that the Sergeant didn't lose sight of [Provenzano] does not mean that he had a clear, unobstructed view of [Provenzano]'s entire body while he was behind the truck.

Commonwealth's Brief at 13.

According to the Commonwealth, it would take little effort to dispose of five bags of fentanyl while standing behind a truck with an open garbage can inches away, and to conceal that action from an officer standing up the street and in front of the truck. *See id.* at 11-12. Under the totality of the circumstances - which included a police sergeant observing Provenzano engaging in a suspicious hand to hand exchange with a stopped car, Provenzano's turning around to avoid a police vehicle, Provenzano's walking behind a parked truck with an open garbage can inches away, and the discovery of five bags of fentanyl in that garbage can when no one else was around - we agree with the Commonwealth that there was sufficient evidence for the trial court to find Provenzano guilty of constructively possessing those five bags of fentanyl. No relief is due on this claim.

Provenzano also challenges the sufficiency of the evidence supporting his conviction for tampering with physical evidence, which requires the Commonwealth to prove that Provenzano "believing that an official proceeding or investigation is pending or about to be instituted," "alter[ed], destroy[ed], conceal[ed] or remove[d] any record, document or thing with intent to impair its verity or availability in such proceeding or investigation." 18 Pa.C.S.A. §

4910(1). In arguing the Commonwealth did not do so here, Provenzano recycles his argument made above that because Sergeant Harvison did not actually see Provenzano put anything in the trash can the second time he passed it, he would have had to - illogically - discard the fentanyl he just purchased the first time he passed the garbage can. Again, for the reasons outlined above, we reject this claim as meritless.

Provenzano also makes what essentially amounts to the inverse of that argument. He claims that because it would be illogical to infer that he discarded the fentanyl before the police arrived, he must have disposed of the drugs, if at all, in plain view of Sergeant Harvison. He asserts that this constitutes abandonment, not tampering, under ***Commonwealth v. Delgado***, 679 A.2d 223 (Pa. 1996). The Commonwealth responds:

> This is not a situation such as that which confronted the Court in [***Delgado***], where a suspect in a narcotics investigation threw a bag of cocaine onto a rooftop while being closely pursued by police officers in a foot chase. There, the Court ruled,
>
> > Delgado's act of discarding contraband in plain view of the police does not rise to a level of conduct that constitutes the destruction or concealment of evidence as contemplated by [18 Pa.C.S.A. § 4910(1)]. The act of throwing the bag of cocaine while being chased by the police was nothing more than abandonment of the evidence.
>
> [ ] ***Id***.[ ] at 225.
>
> In the present case[,][Provenzano] turned around when he saw Sergeant Harvison and walked behind the truck that had the garbage can located near it. When ordered to stop, [Provenzano] complied. He was behind the truck at that point. [Provenzano], although visible to the officer while standing behind the truck, was

- 9 -

able to discard the heroin into a garbage can. That action was not taken in plain view and it was not the type of in-flight abandonment recognized by the Court in *Delgado*. The fact that [Provenzano] was so adept at concealing the item and did not do so in plain view is the very reason [Provenzano was charged with tampering with physical evidence].

Commonwealth's Brief at 14-15 (citation to notes of testimony omitted).

We agree, and see no error in the trial court's conclusion that the evidence was sufficient to support the tampering conviction given the set of facts before the court. Accordingly, we find that neither of Provenzano's sufficiency claims offers him any basis for relief.

We reach the opposite conclusion regarding Provenzano's final claim that he is entitled to a new trial on the basis of Sergeant Scatena's testimony that the police had previously had interactions with Provenzano involving heroin. Following this testimony, defense counsel objected, but the trial court overruled the objection stating that it "can separate it out, any prejudice that would be unduly prejudicial." N.T., 10/01/20, at 7.

The trial court, however, subsequently reversed course in its supplemental Pa.R.A.P. 1925(a) opinion. The court explained:

The problem that has caused me to ponder this case is my in-court overruling of a defense objection to the officer's statement that he had known [Provenzano] from prior interactions related to "narcotics, heroin."[N.T. 10/01/20, at 6-7] Overruling the objection was a 'misspeak,' and no consideration or weight whatsoever was given to that portion of the [Sergeant's] testimony; nevertheless the objection should have been sustained.

The trial ruling would ordinarily be viewed as harmless error; since the proceeding was a non-jury trial and the

- 10 -

[Sergeant's] statement was disregarded[.][H]owever, the Commonwealth's case as presented depended solely on the inferences to be drawn from the circumstances. The Commonwealth presented facts upon which the court was to infer and conclude that [Provenzano] possessed the [fentanyl] baggies. Thus, any reference to prior heroin possession is too prejudicial to be ignored. It is upon reconsideration of the [Sergeant's] non-responsive interjection of [Provenzano's] prior conduct that [this court] conclude[s] the matter should be remanded for a new trial.

Supplemental Trial Court Opinion, 1/13/21, at 1-2 (unpaginated).

We find it appropriate to defer to the trial court's conclusion and reasoning. Upon reflection, the trial court found that it had made a mistake by not sustaining the objection to Sergeant Scatena's testimony regarding Provenzano's past involvement with heroin, *i.e.* prior bad acts. Our Supreme Court has summarized the admissibility of a defendant's prior bad acts:

Generally, evidence of prior bad acts or unrelated criminal activity is inadmissible to show that a defendant acted in conformity with those past acts or to show criminal propensity. Pa.R.E. 404(b)(1). However, evidence of prior bad acts may be admissible when offered to prove some other relevant fact, such as motive, opportunity, intent, preparation, plan, knowledge, identity, and absence of mistake or accident. Pa.R.E. 404(b)(2). In determining whether evidence of other prior bad acts is admissible, the trial court is obliged to balance the probative value of such evidence against its prejudicial impact.

***Commonwealth v. Sherwood***, 982 A.2d 483, 497 (Pa. 2009). The court may exclude evidence if it concludes that the probative value of the evidence is outweighed by the danger of unfair prejudice. **See** Pa.R.E. 403. In fact, in a criminal case, other-acts evidence, such as the testimony at issue here, is only admissible if it is probative of some Rule 404(b)(2) category and its probative value of the evidence outweighs its potential for unfair prejudice.

- 11 -

*See Commonwealth v. Bidwell,* 195 A.3d 610, 617 (Pa. Super. 2018); Pa.R.E. 404(b)(2).

Here, the Commonwealth does not identify what Rule 404(b)(2) category applies to Sergeant Scatena's testimony regarding Provenzano's prior bad acts.[2] Moreover, when the court revisited the issue, it found that Sergeant Scatena's testimony about the police's previous heroin-related involvement with Provenzano should have been excluded because it was simply too prejudicial to be allowed under the circumstances of this case. In effect, the trial court found that it had abused its discretion by allowing the sergeant's testimony and we can see no reason to override the trial court's reasoning. *See Commonwealth v. Chmiel,* 889 A.2d 501, 534 (Pa. 2005) (stating that the admission of prior bad acts is solely within the discretion of the trial court and the court's decision will only be reversed upon an abuse of discretion).

The Commonwealth argues, however, that any error in allowing Sergeant Scatena's testimony that the police had previously had heroin-

---

[2] The Commonwealth does not really seem to dispute that the admission of this testimony was erroneous. Rather, it maintains that the problem here is that the trial court raised this issue *sua sponte* and without directing Provenzano to file a Pa.R.A.P. 1925(b) statement. However, the Rules of Appellate Procedure make clear that the trial court may, but is not required to, direct an appellant to file a Pa.R.A.P. 1925(b) statement. *See* Pa.R.A.P. 1925(b). Moreover, Provenzano objected to the sergeant's testimony at trial and argues in his appellate brief that he is entitled to a new trial on the basis that this prejudicial testimony was erroneously admitted for the reasons expressed by the trial court in its supplemental Pa.R.A.P. 1925(a) opinion.

related interactions with Provenzano was harmless, as Sergeant Scatena subsequently referred to Provenzano as a "narcotics user." We do not agree that the error was harmless. In order for an error to be deemed harmless, a court must find that there is no reasonable possibility that the error could have contributed to the verdict. *See Commonwealth v. Mitchell*, 839 A.2d 202, 214 (Pa. 2003). We cannot do so here. The trial court, which sat as the fact-finder in Provenzano's trial, cogently explained its reasons for refusing to classify the error as harmless and concluded that "any reference to prior heroin possession is too prejudicial to be ignored." Trial Court Opinion, 1/13/21 at 2 (unpaginated). As the trial court, who was acting as fact-finder, concluded that this error was not harmless, we cannot credit the Commonwealth's argument. Given that the case hinged on whether or not Provenzano constructively possessed the drugs found in the nearby garbage can, we can find no reason to disagree with the fact-finder's explanation for its own reasoning. As a result, Provenzano is entitled to a new trial on the basis of this reversible error.

Judgment of sentence reversed. Matter remanded for a new trial. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/15/2021