J-S06007-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
  :
v.   :
  :
  :
  :
TYRONE BURSE   :
  :
Appellant   :   No. 310 WDA 2024

Appeal from the Judgment of Sentence Entered January 31, 2024
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0006645-2022

BEFORE:  PANELLA, P.J.E., LANE, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:      **FILED: March 26, 2025**

Tyrone Burse ("Appellant") appeals from the judgment of sentence imposed after a jury convicted him of the offenses of carrying a firearm without a license and tampering with evidence.[1]  Appellant challenges the sufficiency of the evidence to support his tampering conviction.  After careful review, we affirm.

The trial court summarized the facts underlying this case as follows:

> At trial, Detective Valerie Donnelly of the Pittsburgh Police Department testified that on June 12, 2022, she was patrolling in a marked police vehicle with her partner, Officer Brendan Orris. She observed Appellant, whom she knew to have active arrest warrants, walking on North Murtland Street in the city's

---

[1] 18 Pa.C.S. §§ 6106(a)(1), and 4910(1), respectively.  The jury also found Appellant not guilty of the charges of persons not to possess a firearm (18 Pa.C.S. § 6105(c)(1)) and resisting arrest (18 Pa.C.S. § 5104).  After the jury was unable to reach a verdict on Count 1, flight to avoid apprehension (18 Pa.C.S. § 5126(a)), the Commonwealth *nolle prossed* that count of the information.

Homewood section of town. Appellant was walking with Jacquelyn Chamberlain, his girlfriend. Chamberlain was the reported victim in the case for which Appellant had the active warrants. Officer Orris called to Appellant by name. Per Detective Donnelly, Appellant "acknowledged and then continued to walk away, increasing his pace." Next, the police officers asked Appellant to come to them. Appellant responded "why," walked faster[,] and then started to run. Detective Donnelly observed Appellant take a firearm out of his waistband and throw it into bushes nearby. Detective Donnelly stated that she knew from prior contact that Appellant did not have a conceal to carry permit. Appellant was ultimately detained and the firearm was recovered.

Officer Orris also testified at trial. He testified similarly that he and his partner observed Appellant, they asked him to stop, and Appellant ran away from them. Officer Orris further testified that he observed Appellant, while he was running away from the officers, retrieve a gun from his waistband and throw it into the woods.

Trial Court Opinion (TCO), 4/18/24, at 4 (citations omitted).

The jury convicted Appellant as noted on November 2, 2023. On January 31, 2024, the trial court sentenced him to an aggregate term of 3½ to 7 years of incarceration followed by 2 years of probation. Appellant subsequently filed a timely post-sentence motion challenging the weight and sufficiency of the evidence against him. The trial court denied the post-sentence motion, and Appellant thereafter filed a timely notice of appeal. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant raises the following issue on appeal:

Whether the evidence was insufficient to convict [Appellant] of [t]ampering [w]ith [p]hysical [e]vidence where the Commonwealth failed to prove, beyond a reasonable doubt, that [Appellant] altered, destroyed, concealed, or removed any record, document or thing with the intent to impair its verity or availability?

Brief for Appellant at 5.

In addressing Appellant's sole appellate issue, we note that a determination of the sufficiency of the evidence presents a question of law; therefore, "our standard of review is *de novo* and our scope of review is plenary." ***Commonwealth v. Williams***, 176 A.3d 298, 305 (Pa. Super. 2017). Further, we analyze this issue under the following parameters:

> When reviewing challenges to the sufficiency of the evidence, we evaluate the record in the light most favorable to the Commonwealth as the verdict winner, giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. However, the Commonwealth need not establish guilt to a mathematical certainty, and it may sustain its burden by means of wholly circumstantial evidence. Moreover, this Court may not substitute its judgment for that of the factfinder, and where the record contains support for the convictions, they may not be disturbed. Lastly, we note that the finder of fact is free to believe some, all, or none of the evidence presented.

***Commonwealth v. Toomer***, 159 A.3d 956, 960–61 (Pa. Super. 2017) (internal citations and quotation marks omitted).

Before considering Appellant's issue, we first address the Commonwealth's assertion that Appellant waived his claim that the evidence was insufficient to support his tampering conviction. In its brief, the Commonwealth asserts that Appellant has failed to argue which particular element of the tampering statute was not proven, hindering this Court's ability to conduct meaningful appellate review. Brief for Commonwealth at 9.

Consequently, the Commonwealth asserts that the issue is not properly developed, resulting in waiver of the claim. We do not agree.

Initially, Appellant preserved his claim in his Rule 1925(b) statement. The Pennsylvania Rules of Appellate Procedure require that, when ordered by the trial court, appellants must file a concise statement of errors complained of on appeal which identifies "each error that the appellant intends to assert with sufficient detail to identify the issue to be raised for the judge[,]" and, moreover, the failure to do so could result in waiver of the claim. Pa.R.A.P. 1925(b)(4)(ii), (vii). "[A]n appellant's concise statement must identify the errors with sufficient specificity for the trial court to identify and address the issues the appellant wishes to raise on appeal." *Commonwealth v. Arnold*, 284 A.3d 1262, 1279 (Pa. Super. 2022) (citation omitted). The reviewing court may decline to find waiver, however, in cases in which our ability to effectuate meaningful appellate review is not hindered. *Commonwealth v. Landis*, 277 A.3d 1172, 1182 (Pa. Super. 2022).

Here, Appellant's statement of errors listed two issues he wished to raise on appeal, as follows:

> I.  The evidence was insufficient to convict [Appellant] of [t]ampering [w]ith [p]hysical [e]vidence. The Commonwealth failed to prove, beyond a reasonable doubt, that [Appellant] believed that an official proceeding or investigation was pending or about to be initiated.
>
> II. The evidence was insufficient to convict [Appellant] of [t]ampering [w]ith [p]hysical [e]vidence. The Commonwealth failed to prove, beyond a reasonable doubt, that [Appellant] altered, destroyed, concealed or removed

any record, document or thing with intent to impair its verity or availability.

Statement of Errors, 4/10/24, at 3.

Moreover, in his brief, Appellant focuses solely upon the second issue above, that the evidence was insufficient to prove that he had altered, destroyed, concealed or removed any thing with the intent to impair its verity or availability.[2]  The phrasing of Appellant's issue mirrors the statute in question.  The tampering statute provides:

> A person commits a misdemeanor of the second degree if, believing that an official proceeding or investigation is pending or about to be instituted, he:
>
> (1)  alters, destroys, conceals or removes any record, document or thing with intent to impair its verity or availability in such proceeding or investigation[.]

18 Pa.C.S. § 4910(1).

The Commonwealth's waiver argument here misses the mark.  Appellant alleges that the evidence was insufficient because it did not support the element that he had altered, destroyed, concealed or removed the weapon with the intent to prevent police from using it in evidence against him. Appellant has properly preserved, identified, and developed his challenge to the sufficiency of the evidence.  *Arnold*, *supra*; *see also* Pa.R.A.P. 2119(a).

Our Courts have itemized three interrelated elements that the Commonwealth must prove to establish the offense of tampering with

---

[2] We note that an issue identified in a concise statement of errors on appeal but not developed in the appellant's brief is abandoned and, therefore, waived. *Commonwealth v. Speed*, 323 A.3d 850, 853 n.4 (Pa. Super. 2024).  We thus consider the only issue raised in Appellant's brief.

evidence: (1) the defendant knew that an official proceeding or investigation was pending or about to be instituted; (2) the defendant altered, destroyed, concealed, or removed some item; and (3) the defendant did so with the intent to impair the verity or availability of the item to the proceeding or investigation. *Commonwealth v. Jones*, 904 A.2d 24, 26 (Pa. Super. 2006).

In declining to find that the evidence was insufficient, the trial court found the officers' testimony to be credible. TCO at 4. Beyond that finding, however, the trial court's analysis of this issue is limited to the following: "Appellant discarded a loaded firearm while running from officers attempting to execute an arrest warrant. The validity of the underlying warrant is of no moment." *Id.* This limited discussion suggests that the trial court believed that the mere act of discarding a loaded firearm while running from police suffices to support a tampering conviction. The trial court did not address a critical element of the tampering charge, namely, whether Appellant altered the firearm while knowing that an investigation was occurring.

In arguing that the evidence was insufficient, Appellant suggests that our Supreme Court's decision in *Commonwealth v. Delgado*, 679 A.2d 223 (Pa. 1996), is instructive here and mandates a reversal of his conviction. In *Delgado*, after a confidential informant gave a pre-arranged hand sign to police that a drug sale was occurring, two agents approached Delgado, who fled. *Id.* at 224. An agent saw Delgado throw a plastic bag which contained 17.1 grams of cocaine on top of a small outbuilding or garage during the chase. *Id.* Based, *inter alia*, upon these facts, Delgado was convicted of

possession of cocaine, possession with the intent to deliver, and, relevantly here, tampering with evidence under 18 Pa.C.S. § 4910(1).

In Delgado's appeal, he argued that throwing the cocaine away during the chase with police did not constitute any of the enumerated acts in the tampering statute. *Id.* The Pennsylvania Supreme Court agreed and reversed his conviction, holding that the lower courts had erred as a matter of law by failing to follow the plain meaning of section 4910 because there was "nothing in the record to suggest that Delgado's conduct [came] within the realm" of any of the actions enumerated in the statute. *Id.* The Court explained:

> Delgado's act of discarding contraband in plain view of the pursuing officer fails to demonstrate the intent necessary to maintain a conviction under 18 [] Pa.C.S. [§] 4910(1). This section requires that an individual "alter[], destroy[], conceal[] or remove" a piece of evidence to be guilty of tampering with or fabricating evidence. Delgado's act of discarding contraband in plain view of the police does not rise to a level of conduct that constitutes the destruction or concealment of evidence as contemplated by the statute. The act of throwing the bag of cocaine while being chased by the police was nothing more than an abandonment of the evidence.

*Id.* at 225. Consequently, the Supreme Court reversed the tampering with evidence conviction. *Id.*

Appellant suggests that this same reasoning should apply to the facts of his case. Specifically, Appellant argues that both Detective Donnelly and Officer Orris testified "in no uncertain terms" that Appellant had taken the firearm from his waistband and simply tossed it into a bush as the officers chased him. Brief for Appellant at 16. Appellant also points out that the

- 7 -

firearm was immediately and easily recovered by the officers without issue. *Id.* Thus, Appellant concludes, **Delgado** requires us to find the evidence insufficient. We disagree.

The Commonwealth stresses the fact that the firearm was found with an obliterated serial number, and seems to argue that we can affirm Appellant's conviction based solely upon this fact. Yet, the Commonwealth is incorrect on this point. Looking at the plain language used in the statute, the evidence at trial had to prove that Appellant intentionally altered, destroyed, concealed or removed any item (here, the firearm), knowing that an official investigation was imminent. Granted, the obliterated serial number does show that the weapon had been altered, but this fact alone does not independently establish sufficient proof for a conviction for tampering with evidence.[3] The statute also requires proof that the fabrication or alteration occurred when the perpetrator believed that an official proceeding or investigation was imminent. It would have been physically impossible for Appellant to alter the serial number on the weapon during the foot chase with the officers. Thus, the sole fact that Appellant discarded a loaded firearm, even one with an obliterated serial number, during an interaction with police does not support a tampering conviction.

_____

[3] Although possession of a firearm with an altered serial number is a criminal offense under 18 Pa.C.S. § 6110.2, Possession of Firearm with Altered Manufacturer's Number, Appellant was not so charged in this case.

Nonetheless, in the present case, Appellant also removed the magazine from the weapon, tossing it separately on the pathway during his flight from the officers. N.T., 11/1/23, at 58. When found, the magazine was 50 feet away from the rest of the weapon. *Id.* This additional act is evidence of an alteration to the weapon, done while Appellant was aware that the investigation had begun (since he was running from the officer), and with the intent to impair the availability of the item for that investigation. This is more than a mere abandonment of the evidence. Thus, *Delgado* does not apply. Had Appellant merely thrown the weapon aside while running, the challenge to his tampering conviction might have resulted in a different verdict under *Delgado*. However, Appellant's actions constituted more than mere abandonment. Thus, the evidence was sufficient to sustain Appellant's conviction for tampering with evidence.

Finding no merit to Appellant's sole issue on appeal, we affirm his judgment of sentence.

Judgment of sentence affirmed.

Judge Lane joins this memorandum.

President Judge Emeritus Panella concurs in the result.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

3/26/2025